This appeal involves an automobile collision which took place on the morning of June 28, 1948, at the intersection of Washington Avenue and South Broad Street, which are two main thoroughfares each having a neutral ground running down the center, and having two lanes for vehicular traffic. Washington Avenue runs from the river toward the lake, and South Broad Street runs in an uptown-downtown direction; in the center of the intersection is an oval-shaped neutral ground, the elongated side being on South Broad Street, in the middle of which stands a semaphore light signal controlling traffic at the intersection.
These facts are conceded: Plaintiff, Morris Christian, was driving his 1941 Chevrolet automobile on Washington Avenue toward the lake in the proper lane designated for traffic travelling in that direction. Defendant, James S. Martin, had been driving his 1937 Chevrolet automobile on the opposite lane of Washington Avenue, going toward the river, and had crossed the lane of South Broad Street nearest the lake and then turned left toward downtown into the other lane of South Broad Street. The cars collided in the downtown-river part of the intersection. The right front part of the Martin car contacted the left side of plaintiff's car.
The petition alleged that plaintiff's car entered the intersection pursuant to a favoring green light, and that it was negligently run into by the Martin car, which was attempting the completion of a "U" turn against the red light in order to proceed out Washington Avenue in the same direction in which plaintiff was travelling. Defendant is additionally charged with failure to keep a proper lookout for traffic in the lane travelled by plaintiff. Plaintiff alleged that the damage to his car was $147.50, and judgment for that amount was prayed for.
Defendant answered alleging that after turning left into South Broad Street he stopped close to the oval neutral ground to await a green light so that he could continue on down South Broad Street, and that while he was in such standstill position his car was struck on its right side toward the front by Christian's automobile. Defendant disavowed negligence on his part and charged that the accident occurred solely because of plaintiff's negligence in entering the intersection on a red light. Defendant reconvened for $25, which he alleged was the amount of damage inflicted upon his car. The trial court dismissed plaintiff's suit and allowed defendant's demand in reconvention. Plaintiff has taken this appeal.
Occupying the plaintiff's car at the time of the accident, besides plaintiff himself, were three passengers. The four were employed by the same concern, and at the time of the collision were on their way to work. Barring inconsequential contradictions and inconsistencies, which are prevalent in most cases of this kind, these four persons told substantially the same story, viz.: That Christian was travelling on the downtown lane of Washington Avenue, and upon reaching the intersection the light facing him was red and traffic on South Broad Street had the green light. He thereupon stopped behind three other cars, and when the light changed to green in his favor he followed the three cars ahead of him and attempted to cross the riverside lane of South Broad Street; that just *Page 183 
as he had about completed the crossing his car was struck and sideswiped by the Martin car. These four witnesses stated emphatically that Martin was attempting to complete a "U" turn from the upper side of Washington Avenue into the downtown lane of said avenue, and that the attempt was made against a red light showing for traffic on South Broad Street.
It is not disputed that Martin turned left into South Broad Street on the same green light upon which Christian entered the intersection. Martin stated that when he made the left turn the red light was showing for traffic on Broad Street; that he respected this signal and stopped at the oval, and that his car was then run into by plaintiff's car.
We notice that in the answer defendant alleged that Christian entered the intersection on a red light, but on his cross-examination Martin retracted this contention and admitted that Christian came into the intersection on a green light. Pressed for an explanation of the discrepancy between the answer and his testimony, Martin explained, "He had the green light, he was trying to beat the red light." Defendant denied that it was his intention to make a "U" turn.
Mrs. Martin testified that her husband had stopped near the oval when she noticed Christian's car coming at "full speed." Her testimony generally agrees with that of her husband, but she did make a very significant admission. Although Martin vigorously denied that he intended to execute a "U" turn, Mrs. Martin said, "Well, we were right there making a U turn."
Defendant produced also as a witness one Duysadon, who claims that he was standing at the intersection and noticed the accident in all of its details. To say the least, his evidence is unimpressive. Regarding the point as to which car had the favoring green light, his testimony is: "A. Mr. Martin had the green light and the red light was facing from the river to the lake.
"Q. Well, if Martin had the green light why was his car stopped? A. Well, he was stopped, he was waiting for the green light.
"Q. Then he had the red light if he was waiting for the green light? A. Yes, sir.
"Q. If that was true how could the light be red in any other direction? A. Well, it was."
The Martins reside at 4418 Eden Street, and according to their testimony it was Martin's intention to travel down South Broad Street to a crossing one block below Washington Avenue, then turn into the lake lane of South Broad Street, in order to reach a fruit stand located at the downtown-lake corner of the intersection, there to make a purchase. The most direct route to their home on Eden Street from the fruit stand would be back Washington Avenue in the same direction that Christian's car was moving. Weighing the testimony of the plaintiff's witnesses with the admission of Mrs. Martin, "Well, we were right there making a U turn," we are led to the belief that Martin, coming from the lake on the upper side of Washington Avenue, attempted to go around the oval neutral ground at the intersection in the execution of a "U" turn into the other lane of Washington Avenue, to reach the fruit stand and then proceed home. This short-cut maneuver of Martin's was an exceedingly dangerous one and necessitated a turn against the red light on Broad Street and entry into Washington Avenue which had the green light. We believe that the accident was solely due to the imprudence of defendant in thus heedlessly driving his car into the lane travelled by plaintiff's car.
We are reluctant to reverse the lower court on a question of fact which entails the veracity of witnesses, but our careful reading of the record herein formulates the opinion in our minds that the lower court clearly erred in deciding for defendant. The admission of Mrs. Martin, "Well, we were right there making a U turn," cannot be overlooked.
The evidence shows that plaintiff's car sustained damage to its left side, particularly to the door, cowl, rear fender, and body, and at the time of the trial below the car had not been repaired. The only evidence respecting the amount which it would require to place the car in the condition *Page 184 
it was in before the accident is three written estimates from automobile repairing establishments, which were admitted in evidence without objection, the highest estimate being for $147.50, and the lowest for $119. One whose automobile is damaged in a collision as a result of another person's negligence is entitled to have his automobile placed in the same condition as it was before the accident, although the automobile has not been repaired. Folse v. Flynn, La. App., 200 So. 160. While the plaintiff claims $147.50, we believe that his recovery should be limited to the lowest estimate, which is $119.
For the above reasons, it is ordered, adjudged and decreed that the judgment appealed from be reversed, and that there now be judgment in favor of the plaintiff, Morris Christian, and against the defendant, James S. Martin, for the full sum of $119, with legal interest from judicial demand; defendant's reconventional demand is dismissed, and defendant is to bear all costs of both courts.
Reversed.