**83 So.2d 888**

**Norman FENERTY**

**v.**

**Marco CULOTTA and Leonard Culotta.**

No. 42495.

Nov. 7, 1955.

Rehearing Denied Dec. 12, 1955.

Louis Fenner Claiborne, Eugene D. Brierr, New Orleans, for relator.

Frank C. Moran, Jr., New Orleans, for respondents.

HAMITER, Justice.

Norman Fenerty, in this action, seeks recovery for personal injuries, property

damages and expenses occasioned by an automobile collision wherein he and the defendant Marco Culotta were the drivers of the cars.

We granted certiorari to review that part of the judgment of the Orleans Court of Appeal which denied an award to plaintiff for damages sustained by his automobile and for towage charges, the court having held that plaintiff failed to prove the amount of such claimed damages and charges (he was allowed the sum of $1,764 for personal injuries and medical expenses). In the application for the writ plaintiff made the undisputed allegations that after the Court of Appeal had refused to grant a rehearing his counsel (to quote from the application) " * * * approached the Honorable Richard T. McBride, Judge, the author of the opinion of the Court of Appeal, to inquire why plaintiff was not entitled to the additional award for the cost of repairing his automobile and the towage expense he incurred, and displayed to the said Judge the record of the case and the stipulation quoted hereinabove. On this occasion Judge McBride stated unto counsel, and authorized counsel to quote him as saying:

"That he, Judge McBride, could assign no other reason for the Court's failure to award plaintiff the amounts prayed for damage to his automobile and towage, except that he, Judge McBride, and the Court, had overlooked the stipulation hereinabove quoted,

both when rendering their original decree and when considering plaintiff's application for rehearing;

"That, in the Judge's opinion, plaintiff was entitled to the additional award requested;

"That, however, the Court of Appeal having denied the application for rehearing, the said Court no longer had jurisdiction of the case, and could not amend its judgment;

"That, therefore, he, the said Judge, advised counsel for plaintiff to apply for writs of certiorari and review to the Supreme Court to correct this error."

The above referred to stipulation which Judge McBride inadvertently overlooked (obviously because of its position in the record) recites: "It Is Stipulated and Agreed by and between the plaintiff and defendant through their counsel, Eugene D. Brierre and Frank C. Moran, Jr., that if Lynn Barnfus of Auto Painting and Straightening Company, 1019 St. Louis Street, were placed on the stand and sworn as a witness for examination by plaintiff and defendant, he would testify that the total cost of repair of plaintiff's automobile would be in the sum of $715.91, such repair being the necessary repair to be made to the automobile as a result of the accident sued on in this matter.

"It Is Further Stipulated and Agreed that the towage cost of moving said

automobile from the scene of the accident was $10."

Plaintiff, the record further discloses, testified that the value of his car (a 1949 Chevrolet Style Master Deluxe) was $1,050 or $1,100, and that even in its wrecked condition he sold it for $250. Considering this testimony and the stipulation of counsel, and there being no countervailing evidence, the plaintiff was entitled to recover for the damage claimed and also for the cost of towing the wrecked vehicle from the scene of the accident, a total of $725.91.

For the reasons assigned the judgment of the Court of Appeal is amended by increasing the award in favor of plaintiff from $1,764 to $2,489.91 and, as thus amended, it is affirmed. Defendant shall pay the costs of this court.