GLADNEY, Judge.
As a result of a collision between plaintiff’s truck and defendant’s automobile on January 7, 1955, in Natchitoches Parish, Louisiana, plaintiff instituted this suit to recover the sum of $315 property damage. Answering plaintiff’s petition, the defendant denied liability and reconvened for damage to- his automobile alleged to be $545.20. After trial there was judgment in favor of plaintiff for the sum of $151.-69 and the reconventional demand was disallowed. From the judgment plaintiff alone appealed and appellee has not answered the appeal.
The sole contention presented by the appeal is whether the trial court erred in not awarding plaintiff damages in the sum of $315. Under the provisions of Arts. 591, 592, 886, 887 and 888 of the Code of Practice the defendant and appellee herein is foreclosed from urging any claim or demand rejected by the trial court.
Following the accident of January 7, 1955, appellant received three estimates of the cost of repairing the damage to his truck, the lowest of which was made by the Peoples Motor Company of $315. The Peoples Motor Company thereafter did- repair plaintiff’s truck but not in accordance with the estimate submitted, which deviation was prompted by Foshee’s election to save expense by furnishing ceitain used *756 parts purchased in Shreveport for $40. The actual labor and parts so furnished by the Peoples Motor Company amounted to $96.-69. The trial court held adequate proof was presented on these items only: the bill of the Peoples Motor Company of $96.69, the item of $40, representing' the used parts purchased by Foshee in Shreveport, and $15 as expense incurred by Foshee in traveling from Natchitoches to Shreveport and return. The total of these items is $151.-69 as allowed in the judgment.
It is earnestly argued by counsel for appellant that notwithstanding plaintiff’s truck was repaired for less than the lowest of three estimates, he is entitled to be reimbursed the estimated cost and not restricted to the amount allowed by the trial court. We cannot agree with this contention.
Where the damage to an automobile falls short of its loss or destruction, the general rule is: “The measure of damages for injury to personal property which has not been entirely destroyed is the difference between its value at the place immediately before and immediately after the injury, or, if such sum be less, the reasonable cost of repairs to restore the property to its previous condition.” 25 C.J.S., Damages § 83, p. 597. This rule has been consistently followed in the jurisprudence of Louisiana, some of the more recent cases being: Folse v. Flynn, La.App.1941, 200 So. 160; Goode v. Hantz, 1946, 209 La. 821, 25 So.2d 604; Christian v. Martin, La.App.1949, 38 So.2d 181; Carrol v. Hartford Accident & Indemnity Company, La.App.1951, 52 So.2d 258; Heyden v. Dubos, La.App. 1952, 56 So.2d 276; Fenerty v. Culotta, 1955, 228 La. 649, 83 So.2d 888, Id., La.App., 80 So.2d 537.
There have been occasions where the court has accepted as evidence estimates as to the cost of repair but only where at the time of trial the vehicle has not been actually repaired. Thus, in Christian v. Martin, La.App. 1949, 38 So.2d 181, 183, the court pointed out the only evidence before it respecting the amount required to place the car in the condition it was before the accident consisted of three written estimates from automobile repairing establishments and that since the automobile at the time of trial had not been repaired, the court would accept the lowest estimate as proper evidence of the damages to be adjudicated. In the instant case, however, the automobile was actually repaired and plaintiff can recover no more than the cost thereof necessary to restore the property to its condition previous to the collision.
The evidence sustains the judgment. In support of his demands plaintiff submitted the testimony of Clyde Martin Bostick, manager of the Peoples Motor Company, and his own testimony. Bostick testified that in the repair of the automobile the estimate furnished by the Peoples Motor Company was not followed and he could not testify as to the value of the repairs other than as shown by the records of his company. Foshee testified as to the expenditure of $40 for used parts and that the sum of $15 expense was incurred in securing the'se parts. Wayland Roark, a mechanic at the Peoples Motor Company, performed substantially all of the labor in the repair of plaintiff’s Studebaker truck. He testified the actual cost of the parts furnished by the Peoples Motor Company and the labor supplied on the truck amounted to $96.69.
From the foregoing it is apparent that the court correctly appraised the evidence as to the actual expenses incurred by Foshee in the repair of the truck. Evidence as to the loss of wages and depreciation of the truck due to the accident, were properly excluded from the record as not .covered by the pleadings.
It, therefore, follows from the reasons hereinabove set forth we do not find manifest error in the judgment from which appealed. It is our opinion, however, that the cost of this appeal should be taxed upon the appellee, and as so amended, the judgment is affirmed.