GLADNEY, Judge.
This action is for property damages sustained by plaintiff’s Buick automobile as it was parked alongside the curb on Barks-dale Boulevard in Bossier City, Louisiana, when struck by a Ford car driven by Ronnie Powell, and which had sideswiped a truck owned by the Atlas Sheet Metal Works, the defendant’s insured. After trial judgment was rendered in favor of plaintiff in the sum of $260.27, from which judgment the defendant has appealed and plaintiff has answered the appeal asking the award be increased to the sum of $359.40.
The record shows that on August 11, 1955, about 2:00 o’clock P.M., at which time it was raining, plaintiff’s vehicle was parked in the 1500 block in close proximity to Bud & Bob’s Motor Shop; and that a truck owned by the Atlas Sheet Metal Works, the insured of defendant, and driven by Orval F. Baggs, pulled out from Bud and Bob’s Motor Shop, crossed the two south lanes of the four lane thoroughfare and proceeded to make a left turn to the east. During this turning movement the truck was struck near the center of the north two lanes of -Barksdale Boulevard. Just prior to the collision Powell was proceeding east and as a result of the impact his automobile went forward to strike plaintiff’s car and from that point moved an additional distance of about fifty feet.
There appears to be no serious conflict as to the salient facts. Plaintiff was not present and, of course, did not see his car struck by the Ford automobile. Testimony as to the occurrence of the accident was given by Ronnie Powell, a young man of sixteen years and Baggs, the driver of the truck. Baggs related he came out of Bud & Bob’s Motor Shop and upon reaching the south curb, looked both ways to see if any traffic was coming. He said he saw the Powell car coming down the road from his right, and thought he had plenty of time to safely make the crossing, but when the front wheels of his truck "were straddle of the middle line”, he observed the Powell car had gotten too close. The following colloquy occurred between plaintiff’s counsel and the witness:
“Q. The sum and substance of this thing is that you started out, thought you could make it, and you just made a mistake and couldn’t make it; that is all that happened, isn’t it? A. That is right.”
It would thus seem clear that the driver of the truck wholly misjudged the distance and speed of the Ford and attempted to complete the turning movement when it was unsafe to do so. His explanation is that the Ford automobile was traveling at about fifty miles per hour. This statement is not established as a fact and is positively denied by young Powell, who declared he was traveling not more than twenty-five miles per hour when the truck suddenly blocked the lane of traffic ahead of him, compelling him to apply the brakes of his car on the wet and slippery pavement.
The evidence, we find, conclusively demonstrates the negligence of Baggs which consisted of entering the north side of Barksdale Boulevard from a private driveway and attempting a left turn in the face of oncoming traffic when it was unsafe *482 to do so. The motor vehicle traffc regulatory statute especially provides that a driver entering a public highway from a private way, shall yield to all vehicles approaching on the public highway. LSA-R.S. 32:237, subd. E. It was incumbent upon Baggs, faced with the existing conditions, to have been more closely observant. The negligence of Baggs, therefore, was a proximate cause of the damage sustained by plaintiff’s vehicle. It is of no concern that Powell also may have been negligent.
During the course of trial, counsel for appellant vigorously objected when the court permitted counsel for plaintiff to call for cross-examination the witness Baggs under the provisions of LSA-R.S. 13:3663. The record discloses, however, that when the same witness was called on behalf of the defense, he gave exactly the same testimony which had previously been objected to, and, therefore, if there was error, it was in no wise prejudicial.
It is seriously contended by appellant the trial court erred in its allowance of damages. The appellee is likewise displeased with his award and has answered the appeal for the purpose of having the quantum increased. Appellant argues that since plaintiff’s automobile had not been repaired at the time of trial, the lowest reasonable estimate should have been accepted by the trial judge as the best evidence of actual damage sustained. Appellee, on the other hand, takes the position that his home was in Hope, Arkansas, and it would have resulted in additional expense to him to be without his car for several days while it was being repaired in Shreveport. He, therefore, furnished two* estimates of repair costs from garages in Hope, Arkansas, the lowest of which was used as a basis for the judgment of the court. Guy Harrell, an independent appraiser, shortly after the accident, accompanied plaintiff to the Morris Buick Company where one of its representatives, in the presence of plaintiff and Harrell, made a detailed estimate as to the cost of restoring plaintiff’s automobile to its condition just prior to the collision. This estimate in the sum of $184.46 was produced and filed in the record and is substantially under that upon which the judgment of the court was based.
 We are forced to the conclusion that the estimate of Morris Buick Company should form the basis for determining recoverable damages. When the damage to an automobile falls short of its loss and destruction, the measure of damages for an injury thereto is the difference between its value at the place immediately before and immediately after the injury; or, if the sum be less, the reasonable cost of repairs to restore the property to its former condition. See: 25 C.J.S. Verbo Damages, § 83, p. 597. In Christian v. Martin, La.App.1949, 38 So.2d 181-193, where the automobile had not been repaired at the time of trial, the court accepted the lowest of three estimates as proper evidence of the damages to be adjudicated. These authorities are pertinent to the isues herein involved, and we think the trial court erred in not accepting the lowest of the estimates, that of the Buick company.
The trial court refused to accept as properly supported by evidence, claims for damages to a camera which was in the automobile at the time of the collision and repairs to the front end of the automobile which plaintiff testified amounted to $13.31. The court also disallowed long distance telephone calls which plaintiff testified were necessary to cancel business engagements and likewise refused to award damages for loss of earnings amounting to $60 allegedly caused by loss of time from work. None of these items were substantiated by evidence other than the testimony of plaintiff himself. Defendant’s answer expressly denied the correctness of these items which were alleged upon in paragraphs 6, 7, 8 and 9 of plaintiff’s petition, and the effect of such denial is to require strict proof as to the correctness of each item. Plaintiff did not furnish such evidence, and, therefore, the items were properly omitted from the judgment.
As a result of the conclusions herein-above set forth, the judgment from which appealed is amended by reducing the principal sum to $184.46 and as so amended, is affirmed at appellant’s cost.