165 So.2d 61 (1964)
Earl THOMAS, Plaintiff-Appellant,
v.
PAPER HAULERS, INC., et al., Defendants-Appellees.
No. 10163.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1964.
*62 Dhu and Lea S. Thompson, Monroe, for appellant.
Davenport, Farr & Kelly, Monroe, for appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Plaintiff received personal injuries when the pickup truck which he was driving was struck from the rear by a large truck driven by Mr. St. Vgine, owned by Paper Haulers, Inc., and insured by Allstate Insurance Company. Thomas instituted suit against all defendants asking for judgment in solido for personal injuries, property damage, loss of wages and other related special damages. There was judgment in plaintiff's favor in the principal sum of $1200 for personal injuries and $312.13 for special damages. Experts' fees were fixed and taxed as costs which were assessed against defendants.
Defendants' liability has been conceded which limits the question on appeal to one of quantum. Directing our attention first to the proper award for plaintiff's injuries, we note the medical evidence consisted of the testimony of two physicians, who appeared in open court, and the deposition of a doctor from Mississippi.
We see no useful purpose in outlining the medical evidence. Suffice it to say, the trial judge had the opportunity of personally listening to and observing the demeanor of the two experts who testified in court. He concluded plaintiff had not received serious injuries but, to the contrary, had sustained a temporary disability to his back and lumbar region; that he was unable to work for a period of approximately seven weeks after which his residual pain was nominal. For the pain and suffering resulting from these injuries he concluded an award of $1200 would be adequate.
Counsel for appellant has reminded this court of the pertinent constitutional provision that it is our duty to review both the facts and the law and if we find error in either it is incumbent upon us to overrule the findings of the trial judge. We have no quarrel with this statement of the law which has been reiterated many times in the reported cases of our Appellate Courts. However, it is equally well recognized that the trier of facts is in a much better position to arrive at a proper award in this type case than we are. Therefore, unless a clear abuse of his discretion is shown, we do not feel inclined to disturb his award. In line with this latter statement, we note with interest the expressions of the Supreme Court on rehearing in the recent case of Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. Having found no abuse of discretion on the part of the trial judge in his award for the personal injuries received by plaintiff, this portion of the judgment is affirmed.
We next direct our attention to perhaps the most serious question of law presented, that is, whether plaintiff is entitled to $450 loss of wages for the period of his disability. *63 It is undisputed that plaintiff had to his credit approximately 500 hours of sick and annual leave time on the date of his injuries. This had been accumulated over a period of years based on a company policy of allowing an employee one day of sick leave and one day of annual leave for so many days of work performed by him. It is also undisputed this injured employee lost no pay during the period of his disability due solely to the fact that he was paid his usual salary out of the time he had acculated through his earned sick and annual leave.
The lower court concluded defendants were entitled to a credit against any loss of wages that plaintiff claims to have suffered because, in drawing on his sick and annual leave, he had not exhausted same. Relied on by the court in support of this position are the following cases: Fenerty v. Culotta (La.App.Orleans, 1955) 80 So. 2d 537 (cert. granted on other grounds) 228 La. 649, 83 So.2d 888; LeBlanc v. Southern Farm Bureau Casualty Ins. Co. (La.App. 1 Cir. 1958) 104 So.2d 279; Chandler v. Strauss & Son (La.App. 2 Cir., 1939) 194 So. 133 and Hudgens v. Mayeaux (La.App. 3 Cir., 1962) 143 So.2d 606. In the first two cited cases defendants were allowed credit for earned annual and sick leave which reduced plaintiff's recovery for loss of earnings. In the last two cited cases defendants were denied credit for salary received by the injured parties during their enforced absence from work paid by the employers by reason of earned sick and annual leave.
The lower court distinguished the above holdings stating the cases seem to indicate that if plaintiff uses all of his sick and annual leave because of the injuries received through the fault of the tort-feasor, then the defendants are not entitled to credit for the salary so paid; on the contrary if there is leave remaining, as there was in the case at bar, plaintiff is not damaged by loss of wages and defendants are entitled to credit.
We think this portion of the lower court's opinion is in error. The hours this employee had earned over a long period of time, either as sick or annual leave, was a valuable asset to him. The fact he was compelled to use up some of this time while he was injured, due to defendants' negligence, does not entitle defendants to any credit for these payments. To illustrate the point, suppose this plaintiff had, several days after recovering from his injury, contracted a lingering illness continuing through and beyond his accumulated sick and annual leave time. This illustration brings into focus the fact that he would then actually lose money because he has already been forced, due to negligence of these defendants, to consume 35 days of his sick and annual leave, with its concomitant salary, to reimburse him for the amount of money he would have been entitled to receive as damages had he not been fortunate enough to receive his salary.
We conclude plaintiff is entitled to $450 reimbursement for wages for the period of his disability. Our position is amply supported by the decisions in the Chandler and Hudgens cases, cited supra, as well as by the recent decisions in Doerle v. State Through Dept. of Highways (La.App. 3 Cir., 1962) 147 So.2d 776 and Vogt v. Hotard (La.App. 4 Cir., 1962) 144 So.2d 714 (cert. denied).
As stated in the Doerle case:
"* * * It is well settled that the wrongdoer is not entitled to have the damages for loss of earnings and loss of earning power reduced by compensation or pension payments paid to the injured party from a collateral source to which the wrongdoer does not contribute. See 25 C.J.S. Damages § 99; and 15 Am. Jur. Damages, § 201."
Plaintiff also complains of error in the judgment appealed from in that the lower court did not allow a sufficient fee for the expert testimony of one of his doctors. We see no error in this portion of the judgment. The fixing of such fees is within the discretion of the trial judge and *64 the evidence discloses no abuse of this discretion. We likewise see no error in the trial judge's disallowance of certain automobile repairs from the total amount claimed by appellant.
For the reasons assigned, the judgment appealed from is amended so as to increase the award in the amount of $450, and as thus amended, is affirmed at appellees' cost.
Amended and as amended, affirmed.