YARRUT, Judge.
Plaintiff was a guest passenger in an automobile which was involved in an accident May 7, 1964 on Interstate Highway 10 at the approach to the Camp Street exit in New Orleans, Louisiana. A.s the vehicle in which Plaintiff was traveling approached the Camp Street exit, the one driven by Defendant veered into its lane forcing it into the railing of the Expressway. As a result of the accident, Plaintiff was thrown to the right side of the car.
On appeal Defendant’s negligence is admitted ; the only issue being quantum. The trial judge allowed Plaintiff $529.47 medical expenses and $2,000.00 for pain and suffering. Plaintiff appealed asking for an increase in the award to $6,500.00, and Defendant answered the appeal asking for a decrease to $1,000.00.
The basis of Plaintiff’s appeal is that, as a result of the accident, she suffered an inguinal hernia on her right side which caused her severe pain and for which she had to undergo an operation. The pivotal question is whether the hernia was caused by the accident. Although the trial judge found that the hernia did result from the accident, he was very doubtful concerning this conclusion, as expressed in the following excerpt from his reasons for judgment:
“If, therefore, this inguinal hernia could have been caused by the accident and yet could have been caused by other causes, the Court can do little more than guess (which is substantially what the ‘experts’ are doing) whether this inguinal hernia was caused by the accident. The only factor which is favorable to the plaintiff is the fact that prior to the accident she did not suffer from this condition and following the accident she did. Plaintiff’s counsel has referred the Court to the case of Marchadie vs. Maryland Casualty Company, [La.App.] 173 So.2d 1 and states that ‘ * * * the injuries sustained in the case are almost identical to the injuries suffered by Mrs. Savona * * * ’. The Court cannot agree with this statement. In the Mar-chadie case, the plaintiff, riding a motorcycle which struck the automobile of defendant, was in the Court’s words ‘catapulted over the hood’. It does not take much guessing or imagination to believe that in such an accident an inguinal hernia can result.
“Resolving all doubt in favor of Mrs. Savona, the Court will award Mrs. Sa-vona the amount of her special damages which will include all expenses of the hernia operation, the said total amounting to $529.47 and the sum of $2,000.00 for pain and suffering.”
We do not believe the trial judge was correct in resolving all doubts in favor of the Plaintiff as it was she who bore the burden of proving the causal connection between the accident and the hernia. The following is Plaintiff’s medical history subsequent to the accident: Plaintiff first consulted Dr. Edward J. Puneky, a general practitioner, on May 13, 1964, six days after the accident. Dr. Puneky stated that, at that time, Plaintiff complained of headaches, low back pain and nervousness. When asked if she complained of pain in the low left quadrangle of her abdomen, the situs of the hernia, he answered that this complaint was not recorded in his notes during the early course of her treatment. He also testified that it was seven weeks later when he referred Plaintiff to a gynecologist because of her abdominal pain. His recollection was that Plaintiff’s abdominal pain occurred for the first time “several weeks” before this referral.
On June 2, 1964 Plaintiff was rushed to West Jefferson General Hospital suffering from severe pains in her right side. At that time she was examined by Dr. David W. Aiken, a surgeon, who testified he remembered Plaintiff referring to the accident, which occurred approximately a month *140 previous to his examination, and concluded from this history that the accident caused the hernia. However, there is no mention of any accident in the report he made at the time of Plaintiff’s admittance to the hospital. Moreover, Plaintiff admitted she had previously testified in a deposition that she did not tell Dr. Aiken anything about the accident. When asked at the trial if she had referred to the accident at the time of her admittance to the hospital, she answered, “Maybe I didn’t.”
Dr. Samuel Logan, the surgeon who operated on Plaintiff, also testified he did not have anything in his records to indicate the hernia was the result of the accident, and he declined to give any opinion as to the causal connection. Both Dr. Aiken and Dr. Logan testified that a hernia can result from many other causes besides trauma.
We therefore must reach the following factual conclusions: (1) that Plaintiff did not complain of abdominal pain to Dr. Puneky until approximately a month after the accident; and (2) she did not refer to the accident when being treated by either Dr. Aiken or Dr. Logan. We find therefore Plaintiff has failed to carry the necessary burden of proof.
The record reveals Plaintiff suffered from low back pain constantly for approximately a month and intermittently for two months thereafter; and that she suffered constant headaches for a month thereafter, with no residuals. Under all the circumstances, we believe that $1,200.00 is an adequate award for pain and suffering. Brown v. Yellow Cab Company of Shreveport, La.App., 94 So.2d 573; Hernandez v. State Farm Mutual Automobile Ins. Co., La.App., 128 So.2d 833; Schaubhut v. Liberty Mutual Insurance Company, La.App., 157 So.2d 346; Thomas v. Paper Haulers, Inc., La.App., 165 So.2d 61.
Moreover, we cannot allow the medical expenses in connection with the hernia and must reduce the special damages from $529.47 to $130.25. Therefore the entire award is reduced from $2,529.47 to $1,330.25.
Plaintiff calls our attention to the fact that no expert fees were awarded in this case. We conclude Dr. Puneky, the treating physician, is not entitled to an expert fee as he merely recited the course of treatment which he gave Plaintiff. However, both Dr. Aiken and Dr. Logan were asked questions concerning their opinions, particularly about the causes of hernias in general.. Therefore we award $100.00 expert fee to Dr. Aiken and $100.00 expert fee to Dr. Logan.
As amended the judgment appealed from is affirmed; Plaintiff to pay all costs on appeal.
Judgment amended and affirmed.