HOOD, Judge.
Champ Auto Sales, Inc., plaintiff in this suit, obtained a money judgment against defendant, Verda B. Savoy. A writ of fieri facias was issued, and a tract of land in Lafayette Parish was seized under that writ. Claude Sonnier intervened, alleging that he is the owner of the property seized, and demanding that a temporary restraining order be issued and that in due course a preliminary injunction be granted restraining the Sheriff of Lafayette Parish from proceeding with the sale.
A temporary restraining order was issued as prayed for on June 28, 1967, and a rule directing the sheriff and the original plaintiff to show cause why a preliminary injunction should not be granted was scheduled for trial on July S, 1967. The trial of the rule was held on the last mentioned date, and at the trial the parties stipulated that intervenor could amend his petition of intervention orally to show that he demanded a permanent as well as a preliminary injunction. Judgment was rendered by the trial court in favor of intervenor, granting only the preliminary injunction. Sonnier appealed, his sole contention being that the trial judge erred in failing to grant a permanent instead of a preliminary injunction. He demands that the judgment appealed from be amended to decree that a permanent injunction be granted prohibiting the sale of the seized property.
A “Note of Evidence” taken at the trial which was held on July 5, 1967, shows:
“This case was taken up in Chambers on July 5, 1967. The matter is being taken up on a preliminary injunction which was fixed for today and the evidence submitted on the preliminary injunction will be introduced as the evidence on the permanent injunction and the Court may rule on the permanent injunction on this evidence. Intervenor amended his petition orally, with the consent of respondent Champ Auto Sales, Inc., and the Court, to show that Inter-venor prayed for a permanent injunction as well as a preliminary injunction * * * ” (Emphasis added.)
The above quoted portion of the Note of Evidence taken in that trial is the only evidence in the record which shows the nature of the stipulation entered into between the parties.
At the conclusion of the trial the matter was taken under advisement by the court. On July 19, 1967, the trial judge wrote to counsel for both parties advising that since the court was on vacation at the time only the rule for the preliminary injunction could *568 be tried in chambers. He stated that he would rule on the preliminary injunction so that the matter would not be delayed, but in order to enable him to rule on the merits later he requested that counsel forward to him a written agreement stipulating that judgment may be rendered on the merits while court is on vacation. The record contains no such agreement, so we assume that counsel did not enter into a stipulation to that effect. The trial judge handed down written reasons for judgment on July 28, 1967, in which reasons he stated:
“The court has taken under consideration the rule for a preliminary injunction issued in this cause. The court is not at this time considering the request for a permanent injunction and is not deciding the case on the merits.”
“ * * * the court will render judgment in favor of Intervenor and against the seizing creditor, Champ Auto Sales, Inc., granting to the Intervenor a preliminary injunction prohibiting the sale of the property forming the basis of the controversy until the further orders of this court and pending the trial of this cause on the merits to determine whether the Intervenor is entitled to a permanent injunction, upon Intervenor furnishing bond in the amount of $1,000.00.”
A formal judgment was signed on August 16, 1967, granting only the preliminary injunction which was demanded in the In-tervenor’s petition.
Sonnier argues on this appeal that “By stipulation of counsels, at the trial, it was agreed that this trial would be the trial on the merits for a permanent injunction,” and that “Despite this stipulation the Court rendered judgment on a preliminary injunction only.” He contends that the court “is bound by a stipulation of the parties,. and the finding contrary thereto cannot be upheld.” He relies on the cases of Placid Oil Co. v. A. M. Dupont Corp., 244 La. 1075, 156 So.2d 444 (1963); Succ. of Kamlade, 232 La. 275, 94 So.2d 257 (1957); Fenerty v. Culotta, 228 La. 649, 83 So.2d 888 (1955); Wickliffe v. Cooper & Sperrier, 161 La. 417, 108 So. 791 (1926).
According to the stipulation shown in the above quoted Note of Evidence, counsel stipulated merely that the court “may ruis on” the permanent injunction. The word “may” is permissive and does not require a ruling of any kind on the permanent injunction. Also, there is no requirement in the stipulation that the trial court grant the permanent injunction. It merely stipulates that the judge may “rule on” it. The trial judge has ruled that a permanent injunction will not be granted at this time, and that the issue of whether it should be granted at a later date will be determined after a trial of the case on its merits. There is nothing in the judgment appealed from, therefore, which is contrary to the stipulation entered into between the parties.
Since the judgment appealed from is not contrary to the stipulation which was entered into by the parties, it is unnecessary for us to consider the question of whether the court is bound by that stipulation, or whether it may ignore or may make findings which would be contrary to that stipulation.
After considering the language used in the stipulation, we conclude that the trial judge was not bound to grant a permanent injunction in this case, or even to “rule on” Intervenor’s application for such an injunction. Intervenor has the right to have the case scheduled for trial on its merits, and after such a trial the issue may be determined of whether a permanent injunction should or should not be granted.
Intervenor does not contend that the judgment which was rendered by the trial court granting a preliminary injunction should be rescinded or reversed, and no other party to the suit has appealed or filed an answer to the appeal taken by In-tervenor. The judgment appealed from, therefore, will be affirmed.
For the reasons herein assigned, the judgment appealed from is affirmed. The *569 case is remanded to the trial court for trial on the merits or for such other proceedings as are appropriate and are consistent with the views expressed in this opinion. The costs of this appeal are assessed to Inter-venor-appellant.
Affirmed and remanded.