ON REHEARING
Before BOLIN, DIXON and WILLIAMS, JJ.
DIXON, Judge.
On rehearing the court’s attention has been attracted principally to the complaint of Central Louisiana Telephone Company, Inc. concerning the computation of damages. Nothing new has been developed, and we make no change in our previous conclusions about the other issues in the case.
In fixing damages in our original opinion, we considered the existence of a contract between Central Louisiana Telephone Company, Inc. and the Department of Highways, under which the department was to contribute to the cost of relocating the telephone lines prematurely knocked down by Green-Snider Construction Company. We now conclude that it was erroneous to consider this contract in refusing to compensate plaintiff fully for the lines wrongfully destroyed.
Civil Code Article 2315 provides for the repair of damage by the one who causes it. The right to recover damages is a property right. Our statutes do not permit a wrongdoer to take advantage of a collateral source of compensation that may be available to the injured party. See Thomas v. Paper Haulers, Inc., 165 So.2d 61 (La.App.1964); Doerle v. State of Louisiana, Through Dept. of Highways, 147 So.2d 776 (1962).
The cost to plaintiff for the repair and replacement of the damaged lines, as shown by the record, was $2,406.57.
Our previous ruling and the judgment of the district court is therefore amended, and there is now judgment in favor of plaintiff, Central Louisiana Telephone Company, Inc., and against Green-Snider Construction Company in the full sum of $2,406.57, with legal interest from date of judicial demand until paid, and for all costs of these proceedings; in all other respects the judgment of the district court is affirmed.