REDMANN, Judge.
Exercising “our broad authority under La.Const. art. 5 § 2 to issue all need *96 ful writs (see also La.C.C.P. art. 2164); and considering further the requirement of La.Const. art. 1 § 22 that courts be open to provide adequate remedy; and considering further the Due Process Clause of U.S. Const. Amend. 14,” we granted certiorari “so that this court, in order to preserve its jurisdiction from loss by mootness by sale on April 9, may consider the merits of applicant’s demand for permanent injunction, despite the fact that the trial court has not ruled on this demand, since applicant shows that this aspect of his petition is decidable as a question of law. (See State v. Democratic State Central Comm., 1956, 229 La. 556, 86 So.2d 192; Baker v. Democratic State Central Comm., 1972, 262 La. 1033, 266 So.2d 199.)”
The record now before us shows that defendant mortgagor’s copy of the act of sale and mortgage (a) contains no description of any automobile other than “Stk No. 11591” and (b) was signed by himself and one witness only, although it recites (as does the ribbon copy presented by plaintiff to the court to obtain the order of executo-ry process) that “Buyer acknowledges receipt of a completely filled-in copy of this contract.” The ribbon original presented to the court (a) contains a full description of an automobile and (b) is additionally signed by the seller’s president and a second witness. (It also has filled in the affidavit required for executory process by R. S. 32:710K, and this affidavit is executed by the second witness.)
We reason that the mortgagor’s “completely filled-in” copy of the mortgage irrebuttably shows that the mortgage was not executed in the presence of the second witness, and therefore the affidavit of that “witness” does not meet the requirement of R.S. 13:3720. The mortgage is not by authentic act, and it is not, despite its appearance, by act under private signature duly acknowledged. It may therefore not form the basis for executory process; R.S. 32:710K.
Because the evidence submitted to obtain executory process must be authentic, C.C. P. art. 2635, but “was not actually authentic,” C.C.P. art. 2753(5),
It is ordered, adjudged and decreed that plaintiff is permanently enjoined effective immediately (Coleman v. Marzullo, La. App.1974, 296 So.2d 437, writ refused 297 So.2d 206) from further executory proceedings based on the mortgage signed by defendant on March 3, 1974 (and specifically the sale set for 10 a. m. tomorrow is enjoined).
The entire matter is otherwise remanded.