EDWARDS, Judge.
Plaintiff-appellant filed suit under the provision of La. R.S. 51:1401 et seq. (Unfair Trade Practices and Consumer Protection Law) to enjoin defendant-appellee roofing contractor from making certain representations concerning the quality and service warranty of his work. Defendant-appellee filed an exception of no cause of action, which was overruled after a hearing on December 9, 1974. Pursuant to a rule nisi for the preliminary injunction, a hearing on the merits was held on December 16, 1974, and testimony was adduced. Judgment was rendered and signed accordingly on May 19, 1975, in favor of defendant-appellee and against plaintiff-appellant, recalling the rule therein issued. Plaintiff-appellant timely moved for an appeal, and the same was ordered on May 22, 1975.
FACTS
For about two years prior to this suit, appellee had been operating a business under the name of Superior Construction and Remodeling Service. Most of his work involved roofing; he had performed some fifty roofing jobs over this period. Complaints were made to the Governor’s Consumer Protection Division following three of the jobs. The testimony at trial concerning these three jobs showed the following :
Appellee contracted with Mrs. Odra Le-teff on February 27, 1974 to remove the old roof from her home and to install a new one. The contract represented that *125 “All work to be completed in a workmanlike manner” and “according to the City, State and National (Roofing) Code.” Three days after the job was completed, it rained and the roof leaked. Mrs. Leteff called the appellee, who offered to repair the roof. Mrs. Leteff refused, hiring instead another roofer to replace it with a new roof.
In March, 1974, appellee contracted with Mrs. Emile Noto to replace her old roof. In addition to the printed specification of workmanlike manner of performance, the contract also provided that the contractor guaranteed the roof for one year. A week after installation the roof leaked. When he was notified by Mrs. Noto, appellee came to the house to inspect the problem. Appellee testified that he had been willing to repair the roof but could not until the rain stopped. In the meantim'e, Mrs. Noto hired someone else.
Appellee performed the third job on the home of Mrs. Lucille Weiss. The contract again specified that the work would be done in a workmanlike manner. After completion of the roof, the rains came and it leaked. Appellee had one of his employees nail the gutter back into place in an attempt to correct the problem, but the leak remained.
It was also stipulated that, during this two year period, there were some fifty other roofing jobs performed by appellee. Other than one or two minor repairs which appellee corrected, all work was done satisfactorily and without complaint.
The issue herein is two-fold: Did the appellee in fact make false representations and guarantees as alleged; and, if so, are the misrepresentations such unfair and deceptive acts or practices as are prohibited by La. R.S. 51:1401 et seq. ?
Appellant contends that it is an unfair and or deceptive act or practice for appel-lee to represent that he guarantees the quality of his work unless that guarantee be true and to imply falsely that his service is guaranteed if he does not intend to perform the guarantee. Involved here are two alleged misrepresentations: one concerns the quality of the work and the other the service, or willingness to correct any defects afterwards.
We will initially treat the representation concerning the quality of appellee’s work, or, as stated by appellee in his contracts, “all work to be performed in a workmanlike manner.”
It is axiomatic that the measure of success in roofing work is basically a roof that keeps out the rain. By this standard appellee failed in the three documented instances. The trial court so found, but held that this conduct was not the type practice that the law sought to prohibit.
The substantive prohibition of the Unfair Trade Practices and Consumer Protection Law is broad and does not specify particular violations. La. R.S. 51:1405 (A) declares that:
“Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.”
The language of this section tracks closely that of the Federal statute, 15 U.S.C. Section 45(a). Because of the variety of possible unfair and deceptive practices, the Federal statute was intentionally broadly written, leaving the determination of individual violations to the Commission and the courts. Our legislature has expressed a similar intention in patterning our law so closely on the Federal statute. Therefore, we may and should consider interpretations of the Federal courts and of the Commission relative to such similar statutes to adjudge the scope and application of our own statute. State, through Dept. of Highways v. Baddock, 170 So.2d 5 (La.App. 1st Cir. 1964).
Appellant in brief cites a wealth of Federal materials dealing with unfair trade *126 practices. Among the citations are five Federal Trade Commission decisions concerning misrepresentations and false guarantees that we may look to for guidance in the instant case. In three of the cases — In re United Factores, Inc., 32 F.T.C. 340 (1941); In re Copper Roofs Corp., 35 F.T.C. 816 (1942); In re Luxury Industries, Inc., 59 F.T.C. 442 (1961) — the respondent companies had falsely represented that their products possessed qualities that in fact they did not possess, and they were enjoined from so representing. We find no authority in these cases for enjoining the appellee herein: there is no allegation concerning the quality of materials used by appellee nor any representation of appellee relative to materials employed. Further, the misrepresentations in the above cases were false in each and every instance made because the product did not and could not possess the quality alleged. Appellee, on the other hand, has shown his ability to perform competently by some fifty satisfactory roofing jobs.
The other two decisions deal with service guarantees. The Commission, In re L. T. Baldwin d/b/a Baldwin Gas Products Co., 50 F.T.C. 975 (1961), enjoined a distributor of water heaters from representing that his product was unconditionally guaranteed for five years where the distributor, “in many cases,” failed and refused to perform under the terms of the guarantee. Likewise, in the matter of In-fraglass-Heater Co., Inc., 58 F.T.C. 124 (1958), a distributor of electric heaters was enjoined from guaranteeing its products when, “in a vast number of instances,” it refused to replace or repair defects.
Appellee, in two of the three documented instances, expressed a willingness at the time the defect was manifested to repair it. Moreover, appellee had in but one instance expressly guaranteed his work for any period of time, that being the Noto job. Because of the paucity of evidence of refusal or unwillingness on appellee’s to perform his service guarantee, this court neither finds any support, in fact or in law, for enjoining appellee under Louisiana’s Unfair Trade Practices and Consumer Protection Law.
The decision of the trial court accordingly is affirmed. All costs as are permitted by law are assessed against appellant.
Affirmed.