364 So.2d 630 (1978)
Lehard MOORE, Plaintiff-Appellant,
v.
GOODYEAR TIRE AND RUBBER COMPANY, Defendant-Appellee.
No. 13653.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1978.
*631 Bethard & Davis by James G. Bethard, Coushatta, for plaintiff-appellant.
Brittain & Williams by Joe Payne Williams, Natchitoches, for defendant-appellee.
Before BOLIN, HALL and JONES, JJ.
HALL, Judge.
Lehard Moore, plaintiff, appeals from a judgment rejecting his demand for the value of a television set and sewing machine and for the return of $810, all of which were allegedly taken from his house trailer without his consent by employees of the Goodyear Tire and Rubber Company, defendant. Moore also appeals the rejection of his demand for attorney's fees under the Louisiana Unfair Trade Practices Law. Answering, Goodyear complains of the rejection of its claim for the unpaid purchase price of the goods taken. We find that the seizure was wrongful and the attorney's fees deserved, and reverse the trial court judgment on these two issues. We affirm the trial court's judgment rejecting Moore's claim for $810 and rejecting Goodyear's claim for $807 owed on open account.
Moore apparently purchased the television set and sewing machine from Goodyear on an installment plan. After Moore had fallen behind in his payments, Goodyear made several unsuccessful attempts to contact Moore concerning the problem. The trial court adopted Goodyear's version of the repossession. Goodyear sent two employees to Moore's home to settle the account. When they found he was not at home they went next door to the home of Clora Moore, his sister-in-law. They testified she told them that Moore was out of the country but the house was open and they could enter and take the merchandise. One of the employees entered the house trailer and found the sewing machine just inside the back door and the television set in the living room. They took the merchandise and returned to the store.
The trial judge, in his reasons for judgment stated that "[W]hile the law does not favor the actions taken by Mr. LaCaze [defendant's employee] in entering the home of another person without permission, nevertheless the permission of Clora Moore wipes out any wrongdoing." Goodyear argues that this statement shows the trial court found as a fact Clora Moore had authority of Lehard Moore to turn the goods over to *632 Goodyear. There is no evidence anywhere in the record to indicate Moore had ever given Clora Moore authority to allow the repossession of the goods.
It is well settled that when goods are repossessed without judicial process the consent of the owner must be shown by the seizing creditor in order to avoid legal liability. Grandeson v. International Harvester Credit Corp., 223 La. 504, 66 So.2d 317 (1953); Samaniego v. Horseless Carriage, Inc., 350 So.2d 193 (La.App. 2d Cir. 1977), writ refused 352 So.2d 240 (1977); Lee v. Lewis, 339 So.2d 513 (La.App. 2d Cir. 1976). In Grandeson, the taking of community property with only the wife's permission was held to be a wrongful seizure. Certainly, a sister-in-law without authority cannot give consent to the repossession of Moore's goods. Thus, we find the trial court to be in error and hold that this repossession was a wrongful seizure.
Moore claimed he had $810 hidden in the sewing machine which was hidden in a bedroom closet under a pile of clothes. Moore introduced testimony as to the source of the eight $100 bills. Moore's brother testified that Moore had eight $100 bills about two months before the repossession. Goodyear's employees testified they found the sewing machine just inside the back door which was open. They also testified that a search of the sewing machine after being notified by Moore of the hidden money revealed nothing. There was also evidence that several people had access to Moore's house trailer. The trial judge frankly did not "believe that there was eight hundred dollars in that sewing machine, nor two rolls of dimes." This finding turns upon the credibility of the witnesses and the trial judge's finding is amply supported by the record. We, therefore, affirm this portion of the judgment.
Goodyear contends the trial court's rejection of its reconventional demand for recovery on open account was erroneous. There is no evidence in the record of what goods were bought, what payments were made, or what amount was owed on the account. The only reference to the open account is a casual admission by Moore, made in another context on cross-examination, that he still owed $807 on the sewing machine and television set when they were picked up. This figure bears no relationship to the original purchase price of the sewing machine and television set and the monthly payments Moore made on them. We agree with the trial judge's finding that the reconventional demand was not proved and affirm his rejection of it.
The measure of actual damage for the wrongful repossession of a movable is the value of the property taken. However, the creditor is entitled to an offset, but no deficiency judgment for the unpaid purchase price. Samaniego v. Horseless Carriage, Inc., supra; Lee v. Lewis, supra. Goodyear failed to prove the amount Moore owed on the purchase price of the television set and sewing machine. Thus, they are not entitled to an offset. Their employee valued the television set at $125 and the sewing machine at $100. We award Moore $225 in special damages, being the actual value of the property wrongfully seized. Although there is some evidence that the plaintiff had to relocate his house trailer because of this incident, there is virtually no evidence in the record of his being embarrassed or humiliated by the illegal taking of the property. We, therefore, award the plaintiff $250 for his general damages.
Moore also claims attorney's fees under LSA-R.S. 51:1405(A) and 1409(A), the Louisiana Unfair Trade Practices and Consumer Protection Law.
LSA-R.S. 51:1405(A) provides:
"Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."
LSA-R.S. 51:1409(A) provides:
"Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually *633 but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act or practice was knowingly used, after being put on notice by the director or attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney's fees and costs. Upon a finding by the court that an action under this section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney's fees and costs."
Moore argues that the actions of Goodyear in this case constituted an unfair act or practice in the conduct of trade or commerce, declared unlawful by § 1405(A) and that plaintiff under § 1409(A) is entitled to bring an action individually and to recover actual damages and reasonable attorney's fees and costs. Goodyear contends that the type of activity it conducted in this case is not an unfair trade act or practice as contemplated by the act and that attorney's fees are allowable only where treble damages are awarded for unfair practices knowingly used after notice by the director or attorney general, which was not the situation here.
In discussing this relatively new statute adopted in 1972 the court in Guste v. Demars, 330 So.2d 123 (La.App. 1st Cir. 1976) stated:
"The substantive prohibition of the Unfair Trade Practices and Consumer Protection Law is broad and does not specify particular violations. La.R.S. 51:1405(A) declares that:
'Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.'
The language of this section tracks closely that of the Federal statute, 15 U.S.C. Section 45(a). Because of the variety of possible unfair and deceptive practices, the Federal statute was intentionally broadly written, leaving the determination of individual violations to the Commission and the courts. Our legislature has expressed a similar intention in patterning our law so closely on the Federal statute. Therefore, we may and should consider interpretations of the Federal courts and of the Commission relative to such similar statutes to adjudge the scope and application of our own statute. State, through Dept. of Highways v. Baddock, 170 So.2d 5 (La.App. 1st Cir. 1964)."
While the substantive prohibition of the Louisiana statute and federal act is almost identical, the regulatory and administrative schemes are quite different. The federal act establishes a comprehensive regulatory scheme to be administered by the Federal Trade Commission. The federal act does not provide for a private action. Holloway v. Bristol-Myers Corporation, 158 U.S.App.D.C. 207, 485 F.2d 986 (1973); Carlson v. Coca Cola Company, 483 F.2d 279 (9th Cir. 1973). The Louisiana statute while creating the "Governor's Consumer Protection Agency" and investing the attorney general with certain enforcement powers, establishes a private right of action for any person who suffers any ascertainable loss of money or movable property as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by the statute.
Because of the absence of private actions under the federal act and the concern of the federal scheme for matters of broad public interest, there does not appear to be reported federal decisions involving actions similar to those involved in this case. In determining whether a practice is unfair under the federal act, a rule, based on Federal Trade Commission criteria, has been established that a practice is unfair when it offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. F.T.C. v. Sperry and Hutchinson Company, 405 U.S. 233, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972); Spiegel, Inc. v. F. T. C, 540 F.2d 287 (7th Cir. 1976). In Spiegel, the court found certain collection *634 practices of a mail order house in filing lawsuits against mail order credit customers under the Illinois long-arm statute in Chicago in a court distant from the consumer's residence to be an unfair practice.
The collection actions of Goodyear in entering Moore's home and taking possession of his property which had been sold on terms of credit, without Moore's knowledge and consent, amounts to an unfair trade act or practice under the Louisiana statute, applying common meanings to the words of the statute. Applying the federal criteria, the defendant's actions offended established public policy, constituted actions which have long been recognized in Louisiana as unlawful and as entitling the injured party to damages, were oppressive and unscrupulous, and caused substantial and actual injury to a consumer. Moore has a right of action under the Louisiana Trade Practices and Consumer Protection Act to recover his actual damages.
LSA-R.S. 51:1409(A) requires that in the event damages are awarded under that section, whether actual damages which do not require prior notice, or treble damages after notice by the director or attorney general, that the court shall award reasonable attorney's fees and costs. Moore is entitled under the statute to reasonable attorney's fees, which we fix at the sum of $500.
For the reasons assigned, the judgment of the district court is reversed and set aside and there is judgment in favor of plaintiff, Lehard Moore, against defendant, Goodyear Tire and Rubber Company, in the sum of $475 with legal interest thereon from date of judicial demand until paid and for $500 as attorney's fees. All costs of these proceedings, including the cost of appeal, are assessed to defendant.
Reversed and rendered.