400 So.2d 1081 (1981)
GENERAL INVESTMENT, INC.
v.
Willie THOMAS a/k/a Willis Thomas.
No. 10751.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1981.
Rehearing Denied March 16, 1981.
*1082 John David Cassanova, Metairie, for plaintiff-appellant.
Patrick D. Breeden, New Orleans, for defendant-appellee.
Before SAMUEL, BOUTALL, and GARRISON, JJ.
GARRISON, Judge.
This is an appeal from a judgment rendered by the trial court, granting the plaintiff in reconvention, Willis Thomas, damages for wrongful seizure, in the sum of $1,000.00, plus legal fees in the amount of $2,412.50 with interest from the date of demand. The trial court further granted judgment on a promissory note in favor of General Investment, Inc., granting to it the sum of $73.80 with interest from the date of judicial demand plus 25% attorney's fees. Both parties appeal the judgment which we now amend.
On April 3, 1973 Willis Thomas purchased a 1970 Grand Prix from Dixie Buick, Inc. financed through General Investment, Inc. On December 18, 1974 General Investment, Inc. filed for executory process and caused the Sheriff for the Parish of Jefferson to seize the vehicle. The seizure was later enjoined by this Court[1] and the auto was released to Willis Thomas.
In March of 1976 counsel on both sides agreed to certain stipulations.[2]
Thus, when the case came to trial on March 16, 1976, the only issue before the trial court was the question of attorney's fees.
Judgment was not handed down until almost three years after the trial was held. The trial judge awarded General Investment, Inc. damages in the amount of $73.80 *1083 with interest and 25% attorney's fees. Additionally, Willis Thomas was awarded damages of $1,000.00 plus a legal fee of $2,412.50 plus interest from demand. Both parties were to pay their own costs. In so doing, the trial court failed to enforce the stipulations and went beyond the scope of the only issue before it.
On appeal, all specifications of error, but for an award of attorney's fees, arise from the trial court's failure to enforce the agreed upon stipulations. The threshold issue to be decided by this court is whether the trial court was bound to render judgment in accordance with the stipulations of the parties. We find that the trial court was so bound.
The leading case on this point is Wickliffe v. Cooper & Sperrier, 108 So.2d 791, 161 La. 417 (1926). In Wickliffe, the Louisiana Supreme Court found that stipulations between the parties in a specific case were binding upon the trial court in the disposition of that case, where the stipulations were not in derogation of law:
"The respondent judge, after taking issue with the relator over certain irrelevant matters, answers that `regardless of what might have been the contract entered into between the litigants on August 6, 1925, litigants cannot, by agreement tie the hands of the court by contracts entered into between themselves without the knowledge or consent of the court.'
"Our learned brother would be quite correct in stating that litigants cannot tie the hands of the court by their agreements entered into without its consent, if the statement be merely applied generally, and as relating to agreements between litigants affecting, or attempting to affect, the powers, duties, and prerogatives of the court in its relations to other litigants than themselves and to the general public and the state (R.C.C. Art. 11); but he is in error if the statement be applied to some particular case, and as relating to the agreements between parties affecting only their own rights and obligations towards each other, so long as these agreements do not impinge upon or interfere with the court's general powers, duties, and prerogatives aforesaid. A plaintiff and defendant, sole parties to a litigation, may agree that plaintiff shall have judgment as prayed for, or that plaintiff's demand shall be rejected or dismissed, or that the case shall be continued (other than to a day fixed), or discontinued, etc. and the judge must not only carry out but even force that agreement, because that agreement then becomes the law of the case (R.C.C. Art. 1901, 1764). And thus, as to all those phases of the suit which concern no one but the litigants themselves, and affect no rights but theirs, it is the litigant, not the judge, who is the Dominus Litis." At 792-793 (emphasis added)
The Supreme Court based the "law of the case" rule upon three articles of the Revised Civil Code of 1870. Article 11 and Article 1901 of the Revised Civil Code of 1870 read the same today as they did when Wickliffe was decided. Additionally, Section A of the contemporary Civil Code Article 1764 is same as the Revised Civil Code Article 1764.
We further note that Wickliffe is still good law. Champ Auto Sales v. Savoy, 207 So.2d 566 at 568 (App. 3rd, 1968); Hair v. City of Baton Rouge, 297 So.2d 451 at 455 (App. 1st, 1974), application denied 300 So.2d 183. Accordingly, we conclude that the district court was erroneous in failing to enforce the law of the case as stipulated between the parties, which we now enforce.
Turning now to the issue of attorney's fees, the only issue properly before the trial court, we note that General Investment argues that the only statutory basis under which Thomas may recover attorney's fees is C.C.P. Art. 3506:
"The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dissolved, the action shall proceed as if no writ had been issued.

*1084 "The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits." (emphasis added)
Counsel on behalf of Thomas states that he is not allowed to recover attorney's fees under Article 3506 because it does not allow an award for dissolution of wrongful seizure under a writ of fieri facias. Nassau Realty Co., Inc. v. Brown, 332 So.2d 206 (1976). We agree.
Counsel for Thomas further contends that he should be allowed to recover attorney's fees under R.S. 51:1401 et seq., the Unfair Trade Practices and Consumer Protection Law. In Moore v. Goodyear Tire and Rubber Co., 364 So.2d 630 (App. 2nd, 1978), the court found that a private individual has a right of action in addition to the right of action granted to the Governor's Consumer Protection Agency through the office of the Attorney General:
"The Louisiana statute creating the `Governor's Consumer Protection Agency' and investing the attorney general with certain enforcement powers, establishes a private right of action for any person who suffers any ascertainable loss of money or movable property as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by the statute."
In Moore, the court further found that a wrongful seizure constituted an unfair trade act or seizure which was "oppressive and unscrupulous, and caused substantial and actual injury to the consumer." At 634.
We conclude that counsel for Thomas is entitled to an award of attorney's fees under 51:1409. Having so concluded we turn to the issue of the amount of fees awarded. Counsel for Thomas contends that he is entitled to a fee based upon 87.25 hours at $50.00 an hour or $4,362.50. The trial court considered this argument and awarded instead the sum of $2,412.50. We agree with the award by the trial court. As this Court stated in Guillory v. Guillory, 339 So.2d 529 (1976), the number of hours spent by the attorney is only one among several factors to be considered in an award of attorney's fees:
"While we agree that the number of hours spent by attorney is a factor to be considered, this alone does not determine the fee. The factors most often considered in a determination of the fee to be awarded an attorney on the basis of quantum meruit are: (1) the ultimate result obtained; (2) responsibility incurred; (3) the importance of the litigation; (4) the amount involved; (5) the extent and character of the labor performed; (6) the legal knowledge and attainment and skill of the attorney; (7) the number of appearances made; (8) the intricacies of the facts and law involved; (9) the diligence and skill of counsel; (10) the court's own knowledge; and (11) the ability of the party liable to pay." (at 531).
For the reasons cited, the judgment of the trial court is reversed in part and affirmed in part. We further render judgment in accordance with the stipulations, as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Plaintiff General Investment, Co., Inc. and against Defendant Willie Thomas, a/k/a Willis Thomas in the full sum of EIGHT HUNDRED THIRTY-EIGHT AND NINETY/ONE-HUNDRETHS ($838.90) DOLLARS, together with legal interest from the date of judicial demand and 25% attorney's fees. Each party to pay its own costs.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment herein favor of Defendant Willie Thomas a/k/a Willis Thomas, and against Plaintiff General Investment., Inc. in the full sum of THREE HUNDRED AND NO/ONE-HUNDREDTHS ($300.00) DOLLARS, *1085 together with legal interest from the date of judicial demand and attorney's fees in the full sum of TWO THOUSAND FOUR HUNDRED TWELVE AND FIFTY/ONE-HUNDREDTHS ($2,412.50) DOLLARS. Each party to pay its own costs.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] General Investment v. Thomas, 311 So.2d 95 (App. 4th, 1975).
[2] Letter dated March 16, 1976:

1. It is stipulated that Pat Breeden is entitled to an hourly rate of $50.00 per hour.
2. It is further stipulated that the defendant owes to your client $838.90, ...
3. It is further stipulated that the note provides for 25% attorney's fees and that your client is entitled to legal interest on the amount found to be due and owing, from the date of judicial demand, December 18, 1974.
4. It is also understood that the Defendant reserves his right to contest your client's right to attorney's fees under the note and it is further understood that the Defendant reserves whatever rights he may have under the Truth in Lending laws and the Louisiana Automotive Finance Act.
Letter dated March 17, 1976:
1. That the defendant, Willis Thomas, admits without further proof, that he is indebted to the plaintiff for $838.90, the remaining unpaid balance due on the note chattel mortgage.
2. That the defendant, Willis Thomas, admits without further proof that the plaintiff is entitled to legal interest from the date of judicial demand.
3. Defendant was injured in the amount of $300.00.
4. That both the plaintiff and the defendant agree that an hourly rate of compensation for an attorney should be $50.00 per hour. There is no agreement that the defendant is entitled to an award of attorney's fees. There is no agreement that should an award of attorney's fees be granted, that it should be fixed on an hourly basis.