PER CURIAM.
In his application for rehearing, Curtis Lumzy, defendant-appellee, correctly points out that we failed to give a credit to him in our original opinion and decree in the amount of $75.00 which represents the deposit paid by him as required by the rental contract and that the judgment on appeal did not include interest. Accordingly, we do hereby give to the said Curtis Lumzy, defendant-appellee, a credit in the amount of $75.00 which represents the deposit made by him and further amend the judgment on the reconventional demand to include legal interest from date of judicial demand until paid.
Further, in his application for rehearing, defendant-appellee again requests attorney fees, and we find that there is no entitlement of attorney fees on behalf of defendant-appellee.
In all other respects the application for rehearing is denied.
ORIGINAL DECREE AMENDED
REHEARING DENIED.
SCHOTT, J., concurs in amendments but would grant rehearing to defendant-appel-lee.
SCHOTT, Judge, concurs in amendments but would grant a rehearing to defendant-appellee on his request for attorney fees. Moore v. Goodyear Tire and Rubber Co., 364 So.2d 630 (La.App. 2nd Cir. 1978).