482 So.2d 203 (1986)
FORD MOTOR CREDIT COMPANY, Plaintiff-Appellant,
v.
Albert CORBELLO, Defendant-Appellee.
No. 84-869.
Court of Appeal of Louisiana, Third Circuit.
January 20, 1986.
*204 Vernon Joseph Jeansonne, Lake Arthur, for plaintiff-appellant.
Bobbie Ross, S.W.La. Legal Service, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, STOKER, DOUCET, LABORDE and KNOLL, JJ.
STOKER, Judge.
This suit arises out of the allegedly illegal seizure of Eula Corbello's car to satisfy a judgment rendered against her husband.
Albert Corbello executed a promissory note for $10,902.24 on October 21, 1983, secured by a mortgage on a 1983 Mercury *205 Marquis. The note was assigned to Ford Motor Credit Company (Ford). When Corbello failed to make two payments, Ford accelerated the balance due. The car was seized and sold, but a debt of $6,543.01 remained. Ford obtained a valid default judgment on the deficiency. Ford attempted to execute the judgment by seizing a 1979 Chevrolet registered in Eula Corbello's name, but it was met with the Corbellos' claim that the car was the separate property of Mrs. Corbello. A temporary restraining order was granted, halting the sale of the car, but the Corbellos filed no security. Trial was held on three dates to determine whether a permanent injunction should be issued.
At trial, the judge found that the Chevrolet was Mrs. Corbello's separate property, as it was purchased with funds received from the sale of a home she had owned with her former husband, now deceased. The court labeled the seizure illegal and wrongful, and awarded $52.95 in special damages, $1,100 in general damages and $3,200 in attorney's fees to Mrs. Corbello.
Ford appeals, assigning as error (1) the trial court's conclusion that the seizure of Mrs. Corbello's car was illegal and wrongful, (2) the damage award to Mrs. Corbello, and (3) the failure of the court to award damages to Ford for the wrongful issuance of a temporary restraining order without security.
The trial court concluded that the Chevrolet was the separate property of Mrs. Corbello. We find no manifest error in this conclusion. The undisputed testimony showed that Mrs. Corbello owned a house before her marriage to Mr. Corbello, that she sold the house for $10,000 on February 7, 1984, that she opened a new bank account on that day, that the proceeds of the sale of the house were deposited in it, and that those proceeds were used to buy a Chevrolet in her name on the same day.
Under LSA-C.C. art. 2345, a community obligation may be satisfied during the community from community property and from the separate property of the spouse who incurred the obligation. Mr. Corbello was the only obligor on the promissory note. Mrs. Corbello's separate property could not be seized to satisfy the debt.
Ford alleges that the seizure of the second car was not illegal or wrongful. The company claims that it could rely on LSA-C.C. art. 2340, which states that things in the possession of a spouse are presumed to be community property. Even if Ford initially was entitled to such a presumption, the trial judge had evidence before him which showed that Ford's attorney had notice before the seizure that the car was Mrs. Corbello's separate property. We find no error in the judge's finding of fact that Ford's attorney knew of Mrs. Corbello's claim. Therefore, we agree with his conclusion that the seizure was wrongful.
There is no indication in this case that plaintiff's attorney was in bad faith or acted from improper motives; his view of the law, although honestly held, was erroneous. Acting on this error of law, the attorney provoked a seizure which is considered wrongful in a context of facts such as are presented here. Moreover, proof of malice or bad faith is not a prerequisite for recovery of damages for wrongful seizure in cases of this nature. Escat v. National Bank of Commerce in N.O., 284 So.2d 832 (La.App. 4th Cir.1973).
Damages may be awarded in the case of a wrongful seizure pursuant to a writ of fieri facias. In addition to actual damages, the award may include general damages for deprivation of use, humiliation and mental anxiety. Peterson v. Olinde Hardware & Supply Co., 356 So.2d 92 (La.App. 1st Cir.1978), writ denied, 357 So.2d 1169 (La.1978). We find no error in the trial court's award of $52.95 for special damages, or in the provision of $1,100 for general damages. However, we can find no basis for the $3,200 awarded for attorney's fees. LSA-C.C.P. art. 2298 provides for attorney's fees when a judgment debtor or a third party claims ownership of property wrongfully seized under one of the *206 circumstances enumerated in the article. Mrs. Corbello's situation does not fit within this article, and she concedes that she does not rely on its provisions.
At oral argument counsel for Mrs. Corbello urged that the case of General Elec. Credit Corp. v. Smigura, 371 So.2d 1363 (La.App. 3d Cir.1979) is authority for the award of attorney's fees. Attorney's fees were awarded in that case but the award appears to be specifically authorized by LSA-C.C.P. art. 2751. Moreover, the award of attorney's fees as such was not contested.
LSA-C.C.P. art. 1092 allows the court at its discretion to grant injunctive relief to a third party who claims ownership of seized property. No provision is made for the award of attorney's fees.
Counsel for the Corbellos argues that LSA-R.S. 51:1401, et seq, which contains the Unfair Trade Practices & Consumer Protection Law, provides for attorney's fees and damages for the wrongful seizure of movable property. In our opinion the case before us does not involve unfair competition or deceptive acts or practices in the conduct of trade or commerce, so that chapter does not apply.
In support of her contention that LSA-R.S. 51:1401, et seq authorizes an award to her of attorney's fees, Mrs. Corbello relies on the case of Moore v. Goodyear Tire & Rubber Co., 364 So.2d 630 (La.App. 2d Cir. 1978). In that case employees of the creditor entered the plaintiff's home without the plaintiff's consent and removed a sewing machine and a television set. The creditor did not act pursuant to any writ or under color of law; it simply made a repossession without judicial process. (A sister-in-law of plaintiff who lived next door to plaintiff gave permission to enter and remove the merchandise, but she had no authority to do so.) Plaintiff brought suit for the value of the items and recovered.
In Moore the Second Circuit found this action of the creditor through its employees was an unfair trade practice and entitled plaintiff to attorney's fees as authorized by that statute. The Fourth Circuit followed Moore in General Inv., Inc. v. Thomas, 400 So.2d 1081 (La.App. 4th Cir. 1981), writs denied, 401 So.2d 353, 354 (La. 1981) where a sheriff was enjoined from seizing a motor vehicle under executory process.
With all due respect to our sister circuit courts, we cannot agree that a wrongful seizure under the facts of this case constitute an unfair trade practice. That attorney's fees are not allowed in Louisiana in the absence of specific statutory authority is so well fixed that citation of authority is not necessary. With this principle in mind we hardly see justification for resort to a statute covering unfair trade practices to justify an award of attorney's fees in this case. The legislature in enacting the Code of Civil Procedure has authorized the award of attorney's fees in some similar proceedings. It could have easily provided for cases like this by adding to LSA-C.C.P. art. 2298 circumstances fitting the facts of this case. Plaintiff concedes that under Peterson v. Olinde Hardware & Supply Co., Inc., supra, attorney's fees are not allowable; hence she relies on LSA-R.S. 51:1401, et seq.
For the reasons given above we must reverse the award of $3,200 to plaintiff as attorney's fees.
Since we agree that the seizure of Mrs. Corbello's car was wrongful and that she is entitled to damages, Ford's claim for damages for the wrongful issuance of the temporary restraining order without bond is immaterial. As the company had no right to seize the car in the first place, we fail to see how it has been damaged by the restraint of the sale. We affirm the trial judge's denial of this claim.

CONCLUSION
We affirm the award of $1,152.95 to Mrs. Corbello for special and general damages and costs, together with twelve percent (12%) annual interest from June 11, 1984, but we reverse the trial court's award of $3,200 for attorney's fees. We reject, as did the trial judge, Ford's claim for damages *207 for the wrongful issuance of the temporary restraining order. The costs of this appeal are assessed equally and in solido to appellant and appellee.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
KNOLL, J., dissents in part and assigns reasons.
DOUCET, J., dissents for the reasons assigned by KNOLL, J.
KNOLL, Judge, dissenting in part.
I agree with the majority opinion except that portion which denies plaintiff attorney's fees. Under the rationale of Moore v. Goodyear Tire and Rubber Co., 364 So.2d 630 (La.App. 2nd Cir.1978) and General Inv., Inc. v. Thomas, 400 So.2d 1081 (La.App. 4th Cir.1981), I would affirm the trial court's award of attorney's fees.