BARRY, Judge.
Crown Buick appeals a judgment which dismissed its claims for $1,045.41[1] in automotive engine repairs and attorney’s fees, awarded $500 to Carolyn Bercier for attorney’s fees, and $150 for an expert fee. The court granted Crown Buick an uncontested $755.89, without interest, for air conditioner repairs.
Ms. Bercier testified the engine/oil indicator on her 1978 Buick would light after driving several miles. There was no other problem. Michael Wilkerson, her boyfriend (later husband) confirmed the indicator trouble.
On March 30, 1983 she took the car to Whitmire, Inc. and Sam Caston, the service manager/owner, concluded the problem was not serious. The engine sounded fine, there was no knocking, and the oil level and oil pressure switch checked out.
On May 3rd Ms. Bercier took her car to Crown Buick in response to two factory recalls and for minor body repairs. The car was still in the shop on May 9th when Ms. Bercier asked that the engine/oil indicator and the air conditioner be checked. The air conditioner was repaired satisfactorily for $755.89. The body work cost $351.61.
To check the indicator light problem, Dominic Tardo, a mechanic, testified he tested the oil pressure and dismantled the engine to inspect the main bearings because of a knock. He never checked the oil pressure switch. The service manager, Jock Arno-din, testified Ms. Bercier was called and authorized the engine work. Ms. Bercier stated she authorized the additional work because she was told the engine was already apart and she would have to pay labor charges. The bill for the alleged engine repairs was $1,045.41.
The total bill was $2,152.91. An insurance check of $351.61 for body work reduced the amount to $1,801.30. Ms. Bercier paid the bill for the engine and air conditioner repairs with her VISA card. Shortly thereafter she and Wilkerson again experienced the same problem with the light. They took the car back to Crown Buick and the service department claimed the problem was different and wanted to work on the vehicle again. Meanwhile, she stopped payment on the credit card.
Ms. Bercier testified she distrusted Crown Buick and took the car back to Caston on June 27, 1983. After running the car for fifteen minutes the indicator light went on. Caston said the oil pressure switch was defective and a new switch ($7.42) eliminated the problem. As a test he placed the defective switch back in the car and the light went on.
In written reasons the trial judge said he was not impressed with Crown Buick’s claim that the car had a knock. The court believed Caston’s testimony that the car was performing satisfactorily in March, 1983 and the only problem was with the light or switch. The court concluded the extensive engine repairs were unnecessary.
The record supports the factual findings. The problem relating to the light persisted after the costly repairs by Crown Buick. It was finally solved with a $7.42 switch. The trial court evidently found Crown Buick’s conduct constituted unfair and deceptive practices.
The Louisiana Unfair Trade Practices and Consumer Protection Law declares unfair or deceptive acts or practices in the conduct of any trade or commerce to be *1312 unlawful. La.R.S. 51:1405 A. A person suffering any ascertainable loss as a result of the use of an unfair practice by another may bring a private action and obtain actual damages and reasonable attorney’s fees if successful. La.R.S. 51:1409 A.
A practice is unfair when it offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. Coffey v. Peoples Mortgage & Loan of Shreveport, 408 So.2d 1153 (La.App.2d Cir.1981), citing Moore v. Goodyear Tire and Rubber Company, 364 So.2d 630 (La.App.2d Cir.1978). See also Crabtree Investments, Inc. v. Merrill Lynch, 577 F.Supp. 1466 (M.D.La.1984), affirmed 738 F.2d 434 (5th Cir.1984); Roustabouts, Inc. v. Hamer, 447 So.2d 543 (La.App. 1st Cir.1984). The determination of whether an act or practice is unfair is left to the courts. Morris v. Rental Tools, Inc., 435 So.2d 528 (La.App. 5th Cir.1983); Guste v. Demars, 330 So.2d 123 (La.App. 1st Cir.1976).
We find no manifest error in the conclusion that Crown Buick’s practices were deceptive and unfair. Under La.R.S. 51:1409 A Ms. Bercier was entitled to reasonable attorney’s fees and the $500 award was reasonable.
Crown Buick claims it was entitled to interest on the $755.89 air conditioning bill. Ms. Bercier tendered a check in that amount prior to this suit in January, 1984 as part of the Better Business Bureau’s arbitration. When the arbitration was can-celled the check was returned. Crown Buick could have retained the check or deposited it in the court’s registry. Because of the tender, we see no reason to disturb the trial court’s denial of interest.
Crown Buick complains the trial court should have rejected Caston as an expert. Caston stated he had been the service manager and owner of a large automobile repair shop for ten years. His job was 50 percent administrative and 50 percent on the line. He attributed his expertise to on-the-job learning because his family had owned the business for many years. He diagnosed car problems, was responsible for mechanical repairs, and sometimes made repairs. Additionally, he inspected Ms. Bercier’s automobile before and after Crown Buick’s repairs.
The trial court has great discretion in determining a witness’ competence to testify as an expert. Hebert v. Broussard, 450 So.2d 1038 (La.App. 1st Cir.1984). Formal training is not always necessary. Experience alone may be sufficient to qualify as an expert in a particular field. Burrell v. Kirkpatrick, 410 So.2d 1255 (La.App. 3rd Cir.1982). The trial court’s expert fee award will not be disturbed on appeal absent an abuse of discretion. Pike v. Stephens Imports, Inc., 448 So.2d 738 (La.App. 4th Cir.1984).
We find no abuse of discretion in the acceptance of Caston as an expert or in his $150 expert fee under La.R.S. 13:3666.
The judgment is affirmed.
AFFIRMED.
SCHOTT, J., dissenting in part.

. There is a slight discrepancy in the totals in the invoices, briefs and testimony. We have utilized the petition and the uncontested air conditioning repair amount to arrive at exact figures.