544 So.2d 508 (1989)
Helene Bertin, wife of/and A.C. BEROT,
v.
NORCONDO PARTNERSHIP, William D. Hindman, Jr., Ricky L. Hodges, Ralph D. Liddell, and Raymond Bonner.
No. 88-CA-915.
Court of Appeal of Louisiana, Fifth Circuit.
May 10, 1989.
Rehearing Denied June 16, 1989.
*509 Richard W. Martinez, Sharon L. Andrews, Anderson & Holliday, New Orleans, David L. Colvin, David L. Colvin and Associates, Gretna, for defendants-appellants.
C. Ellis Henican, Jr., Henican, James & Cleveland, Metairie, for plaintiffs-appellees.
Before KLIEBERT, GRISBAUM and GOTHARD, JJ.
GRISBAUM, Judge.
This appeal arises out of a dispute regarding an agreement to purchase, which was executed by Mr. and Mrs. A.C. Berot, plaintiffs-appellees, and Norcondo Partnership (Norcondo), defendants-appellants, on February 17, 1986 for a condominium in Phase II of "The Port" in Mandeville, Louisiana. The purchase agreement expired by its own terms on June 1, 1986. Norcondo attempted to extend the closing date to "no later than July 31, 1986" in a letter signed by a Norcondo partner and Mr. Berot; Mrs. Berot did not sign the letter.
Despite the fact that their loan application had not yet been approved, the Berots, with Norcondo's permission, began to decorate the condominium to suit their taste in April 1986 and continued to add improvements until approximately September 15, 1986. Due to extended difficulties in obtaining financing, the Berots decided in mid-October 1986 that they no longer wished to purchase the condominium. The record clearly shows that Norcondo's inability to obtain "Fannie Mae" approval is *510 the only reason the Berots were unable to obtain financing. Norcondo refused to refund their deposit or to reimburse them for improvements made to the condominium. After a bench trial, the trial court rendered judgments in favor of the appellees for $23,740.73, representing their deposit and monies spent on improvements. Norcondo appeals devolutively.[1] The Berots answered the appeal seeking $15,000 in attorneys' fees. We affirm.
ISSUES
The appellants have assigned a number of errors, and the appellees have answered the appeal, also assigning error. We find three issues merit discussion:
(1) Whether the trial court erred in awarding $16,130.73 for designated improvements and decorations,
(2) Whether the trial court erred in awarding the appellees the return of their deposit, and
(3) Whether the trial court erred in finding the defendants-appellants were not guilty of unfair trade practices, thereby refusing plaintiffs-appellees' demand for statutory attorneys' fees.
ISSUE ONE:
Initially, we must determine whether the trial court's award for designated improvements and decorations was erroneous.
Law
In the absence of a lessor/lessee relationship or a contract between the parties governing rights to reimbursement, the Civil Code articles on accession govern the rights of the parties. See Beacham v. Hardy Outdoor Advertising, Inc., 520 So. 2d 1086 (La.App. 3d Cir.1987). The pertinent accession articles provide as follows:
Art. 482. Accession
The ownership of a thing includes by accession the ownership of everything that it produces or is united with it, either naturally or artifically, in accordance with the following provisions.
Art. 493.1 Ownership of component parts
Things incorporated in or attached to an immovable so as to become its component parts under Articles 465 and 466 belong to the owner of the immovable.
Art. 493.2 Loss of ownership by accession; claims of former owner
One who has lost the ownership of a thing to the owner of an immovable may have a claim against him or against a third person in accordance with the following provisions.
Art. 495. Things incorporated in, or attached to, an immovable with the consent of the owner of the immovable
One who incorporates in, or attaches to, the immovable of another, with his consent, things that become component parts of the immovable under Articles 465 and 466, may, in the absence of other provisions of law or juridical acts, remove them subject to his obligation of restoring the property to its former condition.
If he does not remove them after demand, the owner of the immovable may have them removed at the expense of the person who made them or elect to keep them and pay, at his option, the current value of the materials and of the workmanship or the enhanced value of the immovable.
La.C.C. arts. 465 and 466 provide as follows:
Art. 465. Things incorporated into an immovable
Things incorporated into a tract of land, a building, or other construction, so as to become an integral part of it, such as building materials, are its component parts.
Art. 466. Component parts of buildings or other constructions
Things permanently attached to a building or other construction, such as plumbing, heating, cooling, electrical or *511 other installations, are its component parts.
Things are considered permanently attached if they cannot be removed without substantial damage to themselves or to the immovable to which they are attached.
Reimbursement for improvements which are not considered component parts of the condominium is governed by the equitable principle of unjust enrichment, found in La.C.C. art. 1757, which provides:
Obligations arise from contracts and other declarations of will. They also arise directly from the law, regardless of a declaration of will, in instances such as wrongful acts, the management of the affairs of another, unjust enrichment and other acts or facts.
See Beachum, supra, at 1089-1090.
Our jurisprudence, in determining what constitutes a component part, has demonstrated that the test is whether the "average, ordinary, prudent person buying a home" expects these component parts to be there when he or she arrives to take possession. See Equibank v. U.S. of Am. Internal Revenue Serv., 749 F.2d 1176, 1180 (5th Cir.1985) and Am. Bank & Trust Co. v. Shel-Boze, Inc., 527 So.2d 1052, 1054 (La.App. 1st Cir.1988).
Analysis
From our statutory and jurisprudential guidelines, and our review of the record, we find it self-evident that the carpet, tile flooring, wallpaper, ceiling fans, and the burglar alarm constitute component parts of the condominium. Finally, given defendants-appellants tacit decision to keep the drapes, we conclude the trial court's award for the cost of the drapes is justified under the principle of unjust enrichment. Ergo, we see no error.
ISSUE TWO:
Regarding the trial court's decision to return the deposit to the plaintiffs-appellees, we note the court, in its Reasons for Judgment, states:
The agreement to purchase and sell is conditioned upon the buyers['] ability within 90 days of the application for a loan to obtain a commitment for a conventional loan. The plaintiffs were unable to obtain a commitment. The Court finds that the plaintiffs made a good faith effort to obtain the financing needed within the time period provided in the agreement. Under the terms of the agreement, the plaintiffs are entitled to recover their deposit, $7,350.00.
We agree. The evidence clearly shows that the Berots, through no fault of their own, were unable to obtain the necessary financing by June 1, 1986 or by July 31, 1986, the deadline under the purported extension. Ergo, the trial court was eminently correct in its award.
ISSUE THREE:
We must now determine whether the trial court erred in finding the defendants-appellants were not guilty of unfair trade practices, thereby refusing plaintiffs' demand for attorneys' fees.
Law
La.R.S. 51:1405, in pertinent part, provides that "A. Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." La.R.S. 51:1409, in pertinent part, states, "In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney's fees and costs." Our jurisprudence has stated that La.R.S. 51:1405 is broad and does not specify particular violations. In Guste v. Demars, 330 So.2d 123, 125 (La. App. 1st Cir.1976), that court noted that
The language of this section tracks closely that of the Federal statute, 15 U.S.C. Section 45(a). Because of the variety of possible unfair and deceptive practices, the Federal statute was intentionally broadly written, leaving the determination of individual violations to the Commission and the courts. Our legislature has expressed a similar intention in patterning our law so closely on the Federal statute.
Thus, the determination of whether an act or practice is unfair is left to the courts, *512 and must be decided on a case-by-case basis. Dufau v. Creole Eng'r, Inc., 465 So.2d 752, 757 (La.App. 5th Cir.1985), writ denied, 468 So.2d 1207 (La.1985); Coffey v. Peoples Mortgage & Loan of Shreveport, Inc., 408 So.2d 1153, 1156 (La.App. 2d Cir. 1981). The Louisiana rule, based on Federal Trade Commission criteria, is that a practice is unfair when it "offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." Moore v. Goodyear Tire and Rubber Co., 364 So.2d 630, 633 (La.App. 2d Cir.1978), citing F.T.C. v. Sperry and Hutchinson Company, 405 U.S. 233, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972) and Spiegel, Inc. v. F.T.C., 540 F.2d 287 (7th Cir.1976).
Analysis
Even though the record shows that Norcondo forced the Berots to drag Norcondo through two years of litigation to recover a deposit on property when the agreement to purchase and sell had long expired, both on its own terms and under the purported extension, and even though it appears neither side had breached the terms of the agreement, we cannot say the trial court erred in concluding that Norcondo's failure to return the deposit or reimburse the Berots for the improvements was unscrupulous or substantially injurious to the Berots. Although Norcondo allowed the Berots to decorate the condominium to their tastes beginning April 1986, before First National had conditionally approved the loan, and allowed them to continue making changes through September, after the agreement to purchase and sell had expired by its own terms and under the purported extension, despite the obvious difficulties the Berots had in obtaining financing due to Norcondo's failure to receive Fannie Mae approval, we conclude the Berots willingly exposed themselves to the hazards arising out of this protracted situation. In the final analysis, we see no foul play, nor can we say the trial court was "clearly wrong" in not finding "oppressive, unscrupulous, or [actions] substantially injurious to consumers" committed by Norcondo. Moore, supra, at 633. Ergo, we see no error.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against Norcondo.
AFFIRMED.
NOTES
[1] Norcondo partnership, William D. Hindman, Jr., Ricky L. Hodges, and Raymond Bonner filed a petition for suspensive appeal, which was later converted to a devolutive appeal by order of this Court dated January 26, 1988 because it was not timely filed. Ralph D. Liddell appealed devolutively.