# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2023

Lyle W. Cayce
Clerk

No. 23-30122

—————————

Sabre Industries, Incorporated,

*Plaintiff—Appellant/Cross-Appellee*,

*versus*

Module X Solutions, L.L.C.,

*Defendant—Appellee/Cross-Appellant*.

—————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CV-934

—————————————————————————

Before Smith, Elrod, and Graves, *Circuit Judges*.

Per Curiam:[*]

Sabre Industries, Incorporated ("Sabre"), sued for various business torts and statutory violations. After discovery, the district court granted summary judgment to Module X Solutions, L.L.C. ("MXS"), but denied MXS's motion for sanctions and attorney's fees. Finding no error, we affirm.

—————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

I.

Sabre provides a variety of products and services to energy and tele-communication companies. One division of Sabre focuses on energy storage, that is, providing storage facilities to energy companies. MXS was formed in 2014 when 100 employees left Sabre. Sabre supported that breakaway initially and engaged MXS to support Sabre's projects. In 2019, however, MXS decided that it wanted to enter the energy-storage industry in its own name. To do that, it needed skilled employees.

MXS engaged in a hiring push to recruit employees with energy-storage experience. One of the employees hired was Joe McLaurin, a former Sabre employee. McLaurin proceeded to assist MXS in hiring other Sabre employees for MXS's fledgling energy-storage division. Sabre argues that McLaurin's conduct violated a non-compete agreement that McLaurin had signed with Sabre. MXS was aware of that non-compete agreement when it hired McLaurin.

MXS's hiring push paid off, as it was able to obtain skilled workers and bring in energy-storage clients. Sabre, on the other hand, began to suffer financial losses and experienced an exodus of employees. Sabre sued and, as relevant here, alleged that MXS tortiously interfered with its business relationships, engaged in unfair trade practices, and misappropriated its trade secrets and confidential information. Sabre voluntarily dismissed the misappropriation claims with prejudice when it was unable to substantiate them in discovery.

The claims of tortious interference and unfair trade practices reached the summary-judgment stage. The district court determined that MXS's conduct was motivated by profit, not malice, so it granted MXS's motion for summary judgment. The district court also denied MXS's motion for sanctions and attorney's fees after determining that Sabre had not brought its

claims in bad faith. Sabre appealed the summary judgment, and MXS cross-appealed the denial of sanctions and attorney's fees.

## II.

Louisiana courts have long recognized a cause of action for tortious interference with a business relationship. *See Graham v. St. Charles St. R.R. Co.*, 18 So. 707, 708 (La. 1895). But "Louisiana courts have limited this cause of action by imposing a malice element, which requires that the plaintiff show the defendant acted with actual malice." *JCD Mktg. Co. v. Bass Hotels & Resorts, Inc.*, 2001-1096, p. 11 (La. App. 4 Cir. 3/6/02), 812 So. 2d 834, 841. Sabre failed to discover any evidence that would allow a reasonable jury to find that MXS acted with actual malice when it hired McLaurin and used him to solicit and hire other Sabre employees. Therefore, the district court did not err in granting summary judgment to MXS on this claim.

The Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA") "grants a right of action to any person . . . who suffers an ascertainable loss as a result of another person's use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 2009-1633, p. 6 (La. 4/23/10), 35 So. 3d 1053, 1057; *see* LA. STAT. ANN. § 51:1405(A). But the statute does not prevent companies from "pursu[ing] profit, even at the expense of competitors, so long as the means used are not egregious." *Cheramie Servs.*, 2009-1633, p. 11, 35 So. 3d at 1060 (quoting *Moore v. Goodyear Tire & Rubber Co.*, 364 So. 2d 630, 633 (La. App. 2d Cir. 1978)). Sabre failed to produce any evidence of actions taken by MXS that were "immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Id.*, 2009-1633, p. 12, 35 So. 3d at 1059 (cleaned up). Therefore, the district court did not err in granting summary judgment to MXS on this claim.

Finally, the district court did not err in denying MXS's motion for

sanctions and attorney's fees because the evidence does not support MXS's contentions that Sabre brought claims it knew to be false and prosecuted claims in bad faith. Even if there were evidence of sanctionable conduct, any error in evaluating Sabre's conduct does not rise to the abuse-of-discretion level. *See Whitehead v. Food Max, Inc.*, 332 F.3d 796, 802–03 (5th Cir. 2003) (en banc).

Finding no error, we AFFIRM the summary judgment and denial of sanctions and attorney's fees, essentially for the reasons the district court explained in its thorough Memorandum Ruling issued January 31, 2023.