STAFF JENNINGS, INC., Plaintiff,

v.

The FIREMAN'S FUND INSURANCE COMPANY, Defendant.

Civ. No. 61–96.

United States District Court
D. Oregon.

Sept. 12, 1962.

John Gordon Gearin, Koerner, Young, McColloch & Dezendorf, Portland, Or., for plaintiff.

Nathan J. Heath, Gray, Fredrickson & Heath, Portland, Or., for defendant.

EAST, District Judge.

I find from the evidence that the Chris-Craft involved was destroyed as a result of an engine fuel explosion and fire originating in the vicinity of the port engine. Further, that the cause of the ignition of the explosion-fire is unknown; however, was one of the risks insured against by the defendant.

I am further convinced from the evidence that immediately prior to the explosion the craft was operating and under way normally and was in all respects seaworthy.

There is no evidence that the craft's engine or connecting fuel lines, immediately prior to the explosion, were not of merchantable quality, operating and functioning properly, and reasonably fit for use as a pleasure boat.

Furthermore, it appears from the record that the defendant has failed to plead (and necessarily prove) the prerequisite giving of reasonable notice of a claimed breach of warranty, as required by the Oregon Sales Act, ORS 75.010 et seq. See Owen v. Sears, Roebuck & Company, 273 F.2d 140 (9th Cir., 1959); Spada v. Stauffer Chemical Co., 195 F.Supp. 819 (D.Or.1961).

I am of the opinion that the plaintiff, as a loss payee, stands as an appointee to receive a portion of the proceeds of the insurance by consent of the insured, and as such holds a chose in action against insurer to the extent of the loss payee's interest in the property covered by the risks insured against, limited, of course, to the assured's rights under the terms and conditions of the policy. ORS 736.325 provides, inter alia:

> "If settlement is not made within six months from the date proof of loss is filed with an insurance company * * * and [an] * * * action is brought * * * upon any policy of insurance of any kind or nature, * * * and the plaintiff's recovery exceeds the amount of any tender made by the defendant * * * then the plaintiff * * * shall recover * * * such sum as * * * to be reasonable as attorney's fees."

It appears from the facts herein that the defendant refused the plaintiff's request for proof of loss forms and that no tender has been made by the defendant. The defendant makes no issue of plaintiff's failure to file requisite proof of loss and that prerequisite is deemed by the Court to have been waived by the defendant.

"The defendant company complains of the imposition of * * * at-

torney fees upon the theory that (statute) imposes * * * attorneys fees in favor of the insured, and not in favor of a mortgage creditor.

"The answer is that the [defendant] company agreed to substitute the plaintiff as payee of all loss or damage accruing under the policy as the plaintiff's interest may appear. Hence, all of the rights which the insured would have been entitled to, with respect to the * * * attorney fees, ran with the policy in favor of the plaintiff." Capital Building & Loan Ass'n v. Northern Ins. Co. of N. Y., 166 La. 179, 116 So. 843 (1928).

To like effect, see Home Ins. Co. v. Boatner et al., 218 S.W. 1097 (Tex.Civ.App. 1920); Hardy v. Commercial Standard Ins. Co., 172 La. 500, 134 So. 407 (1931).

ORS 736.325 is "compensatory" and not "penal" in nature and therefore should be liberally interpreted. Hagey v. Mass. Bonding & Insurance Co., 169 Or. 132, 126 P.2d 836, 127 P.2d 346 (1942).

■■ Since ORS 736.325 refers to "plaintiff" rather than "owner" or "insured," the statute must contemplate an action by any person enforcing a chose in action held under a policy of insurance of any kind. Therefore, I am of the opinion that the plaintiff in its action herein is entitled to recover reasonable attorney's fees for the institution and prosecution of this action. In arriving at such opinion and so concluding, I am not unmindful of General Accident Fire & Life Assurance Corp. v. Continental Casualty Co., 287 F.2d 464 (9th Cir., 1961.)

It follows that plaintiff is entitled to a judgment for the amount of its interest at the time of plaintiff's demand upon defendant, being the unpaid balance of the purchase price of $14,137.00, together with interest thereon at the rate of 6% per annum from date of demand to date of trial (refer to plaintiff's counsel's open-court stipulation of waiver of interest) and such sum as shall be adjudged as reasonable attorney's fees aforesaid.

Counsel for plaintiff is requested to submit proposed findings of fact, conclusions of law and judgment in conformity with its pretrial order contentions and this memorandum, leaving the amount of attorney's fees in blank, or, plaintiff's counsel may submit such findings, conclusions and judgment in final form except as to the fixing of attorney's fees and providing that that issue is reserved.

Should counsel be unable to stipulate as to the amount of attorney's fees, that issue will be set for hearing upon application by plaintiff.