CONTINENTAL CASUALTY COMPANY,
a corporation, Plaintiff,

v.

Justin N. REINHARDT, Seymour L. Coblens, Norman A. Stoll and Morton A. Winkel, Defendants.

Civ. No. 64–512.

United States District Court
D. Oregon.

Aug. 12, 1965.

———◇———

Kenneth E. Roberts, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Or., for plaintiff.

Walter H. Evans, Jr., Portland, Or., for defendant.

KILKENNY, District Judge.

On January 4, 1963, plaintiff issued its Lawyers' Professional Liability Policy, to defendants Reinhardt, Coblens and Stoll, partners engaged in the practice of law in the state of Oregon. Later, defendant Winkel was included as a named assured. The policy, among other things, provided as follows:

\* \* \* \* \* \*

"I. *Coverage*

To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages resulting from any claim made against the insured arising out of the performance of professional services for others in the insured's capacity as a lawyer or a notary public and caused by any act, error or omission of the insured or any other person for whose acts the insured is legally liable.

II. *Defense, Settlement, Supplementary Payments*

As respects such insurance as is afforded by the other terms of this policy the company shall

(a) defend in his name and behalf *any suit against the insured alleging such act, error or omission and seeking damages on account thereof; even if such suit is groundless, false or fraudulent; \* \* \*.*" (Emphasis supplied.)

\* \* \* \* \* \*

"This policy does not apply:

(a) to any dishonest, fraudulent, criminal or malicious act or omission of the insured, any partner or employee; \* \* \*."

\* \* \* \* \* \*

Mr. Winkel, and one of the partners, represented Mansfield & Co., a creditor of Metropolitan Materials Company. The Materials Company was insolvent and defendant lawyers were unable to collect a judgment against Materials, due and owing to Mansfield.

The principal actors of Materials, included a Mr. Kalkhoven and a Mr. Ford-

ham, the latter being a certified public accountant. Winkel threatened to bring an action against Fordham and other principals individually upon the theory that they misrepresented the financial status of the debtor and, relying upon this misrepresentation, Materials induced Mansfield & Co. to extend credit to the latter's detriment. Winkel threatened to send a copy of the complaint to the State Board of Accountancy. Fordham refused to assume personal liability for the debtor and Winkel, on behalf of his client, filed an action against Fordham, and others, in the Multnomah County Circuit Court alleging that false financial statements made by Fordham in connection with the extension of credit to Metropolitan and upon which Mansfield relied in selling insurance to Metropolitan were false, were known to be false when prepared, and were presented to Mansfield to induce it to extend credit.

A second cause of action was grounded upon the personal liability of Fordham as a director of Metropolitan for operating without sufficient capital, which jeopardized Metropolitan's contractual obligations to the prejudice of creditors.

A third cause of action was based upon the transfer of assets by Metropolitan by the principals, including Fordham, to hinder, delay and defraud creditors of Metropolitan, including the plaintiff. A copy of the complaint was forwarded to the State Board.

The Circuit Court held in favor of Fordham and his associates, on the ground that there was no intent to defraud.

Fordham then filed, in the Multnomah County Circuit Court, an action for trade libel against Reinhardt, Coblens, Stoll and Morton Winkel, alleging:

"That the sending of a copy of the Summons and Complaint to the State Board of Accountancy and the publication of the Summons and Complaint thereby effected was a trade and professional libel; that said action was taken strictly as what is commonly termed "blackmail" in an effort to induce payment by the plaintiff herein of sums which were not owed by him; that despite cautioning and requests by attorney John Faust, Jr. that said action not be taken, the same action was nevertheless taken with a malicious motive and solely for the purpose of attempting to blackmail the plaintiff herein and for the sake of humiliating and embarrassing the defendant before his professional licensing board within this state, there being no other possible motive for the publication of said Summons and Complaint to the said State Board of Accountancy and its presentation to the Executive Secretary and members of said Board."

Plaintiff, on the trial of this segregated issue, contends, among other things, that it has no obligation to defend under the provisions of the policy and the allegations in the complaint. Defendants take the opposite view. There is a justiciable controversy which permits the Court to assume jurisdiction under the Declaratory Judgments Act.

The only evidence presented at the time of the trial was the insurance policy containing the provisions above mentioned and a copy of the complaint filed in the Circuit Court of Multnomah County, a motion against the complaint filed by defendants' attorney, and a copy of the order on the complaint.

The allegations in the Circuit Court complaint are sufficiently ambiguous to permit the advancement of many theories of liability. In case of doubt, as to whether or not the allegations of a complaint against an insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will always be resolved in favor of the insured. MacDonald v. United Pacific Ins. Co., 210 Or. 395, 311 P.2d 425; Blohm v. Glens Falls Ins. Co., 231 Or. 410, 373 P.2d 412.

Applying the law of the state of Oregon to the evidence before me, I find that plaintiff is bound to defend. I have

no intention of making a finding on the merits of the controversies as to whether defendants are covered by Article I of the policy, or whether plaintiff can escape liability under the policy exclusion (a), and neither the findings of this Court, nor plaintiff's defense of the defendants pursuant thereto, shall constitute a waiver of such defenses as may be available to plaintiff under said policy.

This opinion shall serve as my findings and conclusions on the issue presented.