CONTINENTAL CASUALTY COMPANY, a corporation, Plaintiff,

v.

Justin N. REINHARDT, Seymour L. Coblens, Norman A. Stoll and Morton A. Winkel, Defendants.

Civ. No. 64–512.

United States District Court
D. Oregon.

Dec. 21, 1967.

Kenneth E. Roberts, Mautz, Souther, Spaulding, Kinsey & Williamson, Portland, Ore., for plaintiff.

Walter H. Evans, Jr., Portland, Ore., for defendants.

KILKENNY, District Judge:

On August 20, 1964, Leslie A. Fordham filed an action in the Circuit Court of Multnomah County, Oregon, against the above named defendants. The complaint alleged that plaintiff had been "trade-libeled" by defendants. Later defendants tendered to plaintiff the defense of that action on the basis of an insurance policy issued by plaintiff to certain of defendants. Plaintiff declined the tender on a claimed lack of coverage. Later plaintiff offered to defend the action, subject to defendants' executing a "Reservation of Rights" agreement. This offer was rejected.

Subsequently, plaintiff filed this claim for declaratory relief, alleging it was not bound to defend and that no coverage existed under the policy. In defendants' answer they claimed that they were entitled to recover attorney fees under ORS 736.325. The same contention was incorporated in the subsequently lodged pre-trial order.

Later, on trial of the segregated issue, this Court, by written opinion, held that plaintiff was bound to defend the defendants under the policy so issued, 247 F. Supp. 173. On appeal to the Court of Appeals for the Ninth Circuit, the judgment was affirmed, 358 F.2d 306.

Thereafter, plaintiff provided defense counsel for the defendants in the state court action and paid to the defendants the sum of $150.00 for attorney fees previously incurred by them in that litigation. Defendants' motion for a judgment on the pleadings was later allowed in that action and no appeal has been prosecuted to the Oregon Supreme Court. The time for appeal has expired.

The sole question, here presented, is whether defendants are entitled to a reasonable attorney fee in presenting their contentions in the declaratory judgment action in this Court and on the appeal to the Court of Appeals.

On these facts, I find no reason to depart from the rule stated in Close-Smith v. Conley, 230 F.Supp. 411, 425–426 (D.Or.1964). Aetna Life Ins. Co. v. Little Rock Basket Co. 14 F.R.D. 381 (E.D.Ark.W.D.1953), cited by defendants, is not in point. There, a counterclaim was filed by the beneficiary for the full amount of the life policy. On the same state of facts, this Court has allowed attorney fees. Obviously, the *Little Rock* case is no authority for the allowance of attorney fees on the facts before me. Neither does Ocean Accident & Guarantee Corp., Ltd. v. Willamette Valley Lumber Co. (D.Or. No. 292–59, 1960), support an award of attorney fees in this case. Again, the attorney fees were allowed on a counterclaim based on the insurance policy, rather than in the declaratory judgment action, as such. The writer was the author of the decision in *Ocean Accident*. If, in the instant case, liability on the state court claim had been established by way of counterclaim, the *Ocean Accident* decision would be applicable. City of New York Ins. Co. v. Stephens, 248 S.W.2d 648 (Mo.1952), on which defendants rely, must be placed in the same category as the *Aetna Life* and the *Ocean Accident* cases. There, the insureds filed cross-bills in the declaratory judgments action and asked for judgments establishing liability on the part of the respective companies. The procedure followed was essentially the same as that employed in *Ocean Accident*. In other words, there were actions on insurance policies and recoveries thereon, as required by the attorney fee statute. Although the statute should be liberally construed, the Court must, at all times, keep in mind that the legislation is in derogation of the common law. The

Court should not, by judicial fiat under the guise of benevolent liberality, give a meaning to the statute which the legislature never intended.

On the facts before me, the Missouri Supreme Court would hold that a suit for a declaratory judgment action *was not* an action against the insurance company within the meaning of the statute of that state. Corder v. Morgan Roofing Co., 355 Mo. 127, 141, 195 S.W.2d 441, 448 (1946).

For the reasons stated, Staff Jennings, Inc. v. Fireman's Fund Ins. Co., 218 F. Supp. 112 (D.Or. 1962) and Hagey v. Mass. Bonding & Insurance Co., 169 Or. 132, 126 P.2d 836, 127 P.2d 346 (1942), are of no importance.

On the facts presented, defendants are not entitled to the claimed attorney fees.

This is a final order and closes the case.

It is so ordered.