Sidney S. SACHS, Plaintiff,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant.

Civ. A. No. 3258-67.

United States District Court
District of Columbia.

Jan. 31, 1969.

judgment that defendant had breached its insurance contract with plaintiff and for damages for the breach of that contract. It appears that there are no material facts in dispute.

## FINDINGS OF FACT

Plaintiff Sachs, an attorney, was named as defendant in a suit (Civil Action No. 2086–67) charging him with wrongful interference with an alleged contract of retainer between another attorney, Fitzgerald, and that attorney's client. One count of this complaint also charged Sachs with slander.

Plaintiff had purchased professional insurance from the defendant in the present action. The policy provided that defendant would pay all sums up to $100,000 which the insured would become obligated to pay as damages arising out of the performance of professional services as a lawyer by the plaintiff. "Dishonest, fraudulent, criminal or malicious act(s) or omission(s)" were excluded from the coverage. The policy further provided that "as respects such insurance as is afforded by the other terms of this policy the company shall * * * defend * * * in any suit against the insured alleging damages even if such suit is groundless, false or fraudulent * * *."

Defendant refused to defend plaintiff Sachs in Civil Action No. 2086–67 on the grounds that the suit was not based on conduct of the plaintiff in his professional capacity and that, in any event, it was excluded from coverage because the complaint alleged that it involved "dishonest, fraudulent, criminal or malicious act(s) * * *."

James C. McKay, Washington, D. C., for plaintiff.

H. Mason Welch, Washington, D. C., for defendant.

## MEMORANDUM OPINION

GASCH, District Judge.

This matter came on for hearing on cross motions for summary judgment of plaintiff's complaint for a declaratory

## CONCLUSIONS OF LAW

It is apparent to the Court that the plaintiff was acting in his professional capacity as an attorney when the incidents complained of occurred. Indeed the plaintiff's undertaking to represent a client Fitzgerald claimed was his—the crux of the interference with contract

complaint—could only be done by an attorney pursuing his profession.

The more difficult problem is the scope of the insurer's duty to defend. In this regard it has been frequently held that the duty to defend is broader than the obligation of coverage. (Employer's Mut. Liab. Ins. Co. of Wis. v. Hendrix, 199 F.2d 53, 41 A.L.R.2d 424 (4th Cir. 1952). Defendant relies on the language of Judge Hand in Lee v. Aetna Cas. & Surety Co., 178 F.2d 750 (2d Cir. 1949), for the proposition that an insurance company need not defend a suit where it appears from the face of the complaint that the subject matter of the suit is not covered by the policy. This formulation of the rule is too general either to be denied or to be useful on the facts now before the Court.

■ It is true that a complaint wholly unrelated to the subject matter of a policy does not invoke the duty to defend and in this sense an insurance company need look no further than the complaint, "qua complaint." It is also the law that if any elements of the complaint might be within the ambit of the policy, the duty to defend attaches. (Employer's Mut. Liab. Ins. Co., *supra*). This duty then lasts until a stage of the proceedings is reached at which it is clear that no element of the subject matter of the suit is within the scope of the policy. *(Id.)* Thus, while an insurer arguably need look only to the complaint, it cannot refuse to defend an otherwise appropriate complaint because of some language in the complaint which may be merely "puffing" and which scrutiny reveals is not essential to the complaint. As the plaintiff skillfully points out, Lee v. Aetna Cas. & Surety Co., 178 F.2d 750 (2d Cir. 1949), supports this statement of the law.

> When * * * the complaint comprehends an injury which may be within the policy, we hold that the promise to defend includes it. * * *

It follows that, if the plaintiff's complaint against the insured alleged facts which would have supposed a recovery covered by the policy, it was the duty of the defendant to undertake the defence, until it could confine the claim to a recovery that the policy did not cover.

*Id.*, at 753.

■ Thus, the Court finds the complaint charged the plaintiff with conduct arising out of the professional services of a lawyer and that on its face the complaint is not excluded from the coverage of the policy merely because in addition to a claim covered by the policy there are allegations of maliciousness. The complaint could stand absent that language.

■ Accordingly, the Court declares that:

(1) Defendant is obligated under the policy to provide a legal defense to plaintiff in the Fitzgerald suit in accordance with this opinion and to pay all reasonable expenses incurred in the defense of such suit as specified in the policy;

(2) That as a result of defendant's denial of liability under the policy and refusal to defend, defendant breached its contractual obligations to plaintiff and is liable to plaintiff for all reasonable expenses incurred in defending the Fitzgerald suit, including reasonable attorney's fees and expenses incurred in defending the Fitzgerald suit, reasonable expenses incurred by plaintiff and others in his office in defending the suit; and reasonable expenses but not attorney's fees incurred in this action; and

(3) That this Court cannot on the pleadings before it make any determination as to the liability of the insurer on the merits of the Fitzgerald suit or any settlement thereof and accordingly retains jurisdiction to make such additional determinations and awards as may be shown to have resulted from defendant's breach of its contractual obligations and as may be appropriately related to this suit.