492 So.2d 503 (1986)
FIRST FINANCIAL BANK, FSB
v.
Virginia Copeland, Wife of/and Edward F. BUTLER.
No. 86-CA-75.
Court of Appeal of Louisiana, Fifth Circuit.
June 2, 1986.
*504 William J. Dutel, Kimberly Kammler Dutel, New Orleans, Arthur J. O'Keefe, Metairie, for plaintiff-appellee.
Robert B. Bieck, Jr., Joseph P.H. Babington, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants/appellants.
Before BOWES, GAUDIN and DUFRESNE, JJ.
BOWES, Judge.
First Financial Bank, F.S.B. (hereinafter "the Bank") filed suit against Virginia Copeland, wife of and Edward F. Butler (hereinafter "the Butlers") in connection with a business deal in which the Butlers were to become part-owners of the Bayou Plaza Hotel on Tulane Avenue in New Orleans. The Butlers reconvened against the Bank, alleging numerous grounds of recovery including violation of Louisiana's Unfair Trade Practices and Consumer Protection Law (R.S. 51:1401 et seq.) by the Bank. The limited partnership which was to actually purchase the hotel intervened and also made the same allegations.
The Bank filed an exception of no cause of action to both the Butlers' and the intervenor's demands under R.S. 51:1401 et seq. On October 9, 1985, the trial court entered judgment granting the Bank's exception of no cause of action as it applied to both the Butlers' and the limited partnership's claims based on the Consumer Protection Law. This appeal followed. The Bank's exception of no cause of action was based upon Sec. 1406 of title 51 of the Louisiana Revised Statutes. That section, entitled "Exemptions", states in pertinent part:
The provisions of this chapter shall not apply to:
(1) Actions or transactions subject to the jurisdiction of the Louisiana Public Service Commission or other public utility regulatory body, the state bank commissioner and the insurance commissioner, and any bank chartered by or under the authority of the United States acting under statutory authority of this state or the United States to regulate unfair or deceptive trade practices; or... [emphasis added] *505 Appellants, the Butlers, claim that First Financial Bank, being a Federal Savings Bank, does not meet the criteria necessary to be classified a "bank" under LSA-R.S. 51:1406, but rather is more akin to a savings and loan association, as defined in LSA-R.S. 6:2(1) and (11). While we agree with appellants in their contention that the Bank is technically a savings and loan institution under R.S. 6:2(11), it must be noted that Sec. 2 of R.S. 6:2(11) begins: "As used in this law ...", therefore restricting the definitions which follow to Title 6.
After extensive research and consideration, we find that First Financial is a "bank" for the purposes of the exemption granted by LSA-R.S. 51:1406(1).
Louisiana's Unfair Trade Practices and Consumer Protection Law was patterned on the Federal Trade Commission Act, 15 U.S.C. § 41, et seq.
15 U.S.C. § 45(a)(2), as amended, provides:
"The Commission is hereby empowered and directed to prevent persons, partnerships, or corporations, except banks, savings and loan institutions described in section 18(f)(3) [15 USCS 57a(f)(3)] ... from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce." [emphasis added]
Federally chartered savings and loan institutions are subject to extensive regulation by the Federal Home Loan Bank Board under the Federal Home Loan Bank Act, the National Housing Act and the Homeowners Loan Act of 1933. The regulations which govern Federal savings and loans parallel those which regulate banks.
The Federal Act gives the Bank Board specific regulatory authority the same as that conferred upon federal institutions responsible for bank regulation. Specifically, the Bank Board is given the authority to issue rules to prohibit unfair or deceptive acts or practices with respect to savings and loan institutions under its jurisdiction.
Additionally, whenever the FTC prescribes a rule dealing with unfair or deceptive acts or practices, the Bank Board must promulgate a substantially similar rule within 60 days after the effective date of the FTC's rule unless the Bank determines that such acts or practices are not unfair or deceptive with respect to savings and loan institutions.
15 U.S.C. § 57a(f) provides in part:
(f) Unfair or deceptive acts or practices by banks or savings and loan institutions; promulgation of regulations by Board of Governors of Federal Reserve System and by Federal Home Loan Bank Board; agency enforcement and compliance proceedings; violations; power of other Federal agencies unaffected; reporting requirements
(1) In order to prevent unfair or deceptive acts or practices in or affecting commerce (including acts or practices which are unfair or deceptive to consumers) by banks or savings and loan institutions described in paragraph (3), each agency specified in paragraph (2) or (3) of this subsection shall establish a separate division of consumer affairs which shall receive and take appropriate action upon complaints with respect to such acts or practices by banks or savings and loan institutions described in paragraph (3) subject to its jurisdiction. [...]
(3) Compliance with regulations prescribed under this subsection shall be enforced under section 5 of the Home Owners' Loan Act of 1933 (12 U.S.C. 1464) with respect to Federal savings and loan associations, section 407 of the National Housing Act (12 U.S.C. 1730) with respect to insured institutions, and sections 6(i) and 17 of the Federal Home Loan Bank Act (12 U.S.C. 1426(i), 1437) with respect to savings and loan institutions which are members of a Federal Home Loan Bank, by a division of consumer affairs to be established by the Federal Home Loan Bank Board pursuant *506 to the Federal Home Loan Bank Act [12 U.S.C.A. § 1421 et seq.].
Louisiana's Unfair Trade Practices and Consumer Protection Law, La.R.S. 51:1401 et seq., was enacted in 1972. The Law declares unlawful any unfair methods of competition and unfair and deceptive acts or practices in the conduct of any trade or commerce. La.R.S. 51:1405. Patterned on the Federal Trade Commission Act, the statute was intentionally broadly written so as to leave the determination of individual violations to the courts. Guste v. Demars, 330 So.2d 123 (La.App. 1st Cir.1976).
Despite the broad scope of the law, certain exceptions to the law's coverage were statutorily recognized. See LSA-R.S. 15:1406, supra.
The history and intent behind the exemption in R.S. 51 is to avoid duplication and exclude financial institutions which are regulated by other authorities as to unfair or deceptive trade practices. In the instant case, the Bank is a federal savings bank extensively regulated with respect to unfair and/or deceptive practices under titles 12 and 15 of the United States Code.
Appellants' reliance on Coffey v. Peoples Mortg. & Loan of Shreveport, 408 So.2d 1153 (La.App. 2nd Cir.1981) is obviously misplaced as the defendant in Coffey was not a bank or savings and loan, but a finance company licensed under the Louisiana Consumer Credit Law, LSA-R.S. 9:3510, et seq.
Accordingly, we find that First Financial Bank, FSB, is a "bank chartered by or under authority of ... the United States to regulate unfair or deceptive trade practices" and, as such, is clearly within the exemption to the Louisiana Unfair Trade Practices and Consumer Protection Law as set out in R.S. 51:1406(1).
For the reasons stated above, the judgment of the trial court is affirmed. All costs of this appeal are to be borne by appellants.
AFFIRMED.