**THOMAS J. SIBLEY, P.C., Thomas J. Sibley, and Mickey R. Olmstead, Plaintiffs,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., Defendant.**

**No. 1:95 CV 757.**

United States District Court, E.D. Texas, Beaumont Division.

Jan. 25, 1996.

Thomas J. Sibley and Mickey Randolph Olmstead of Law Offices of Thomas J. Sibley, Beaumont, TX, for Plaintiffs.

Richard C. Waites and Fred Lee Butler of Adams and Reese, Houston, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SCHELL, Chief Judge.

Before the court are Plaintiffs' Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment. The parties respectively filed responses to each motion. Upon consideration of the motions, responses, memoranda of law, and summary judgment evidence, this court is of the opinion that Plaintiffs' motion should be GRANTED and that Defendant's motion should be DENIED.

## BACKGROUND

The Plaintiffs are a law firm and some of its lawyers: Thomas J. Sibley, P.C., Thomas J. Sibley, and Mickey R. Olmstead (collectively the "Sibley Firm"). They brought this declaratory judgment action against Defendant, National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union"). The Sibley Firm seeks a declaration that National Union has a duty to defend and provide coverage, under an errors and omissions policy issued by National Union, for a suit filed against the Sibley Firm. The Sibley Firm has been sued by Covey Energy, Inc. in the United States District Court for the Western District of Louisiana (the "underlying suit") for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, ("RICO") and the Louisiana Unfair Trade Practices Act, LA. REV.STAT. § 51:1401, *et seq.*, ("LUTPA"). The Sibley Firm represented and advised Genesis Energy Corporation ("Genesis") in a Chapter 7 bankruptcy proceeding in Louisiana. Covey Energy purchased Genesis' oil and gas lease interests from the Chapter 7 trustee. Alleging that the lease interests were worthless, Covey Energy sued the Sibley Firm as well as the equity owners of Genesis and others who claimed ownership of the leases previously held by Genesis.

After being served with the complaint in the underlying suit, the Sibley Firm contacted National Union and sought a defense and indemnity under the policy issued to the Sibley Firm by National Union. National Union denied coverage on the grounds that the RICO and LUTPA claims against the Sibley Firm fell within a provision that excluded coverage for dishonest, fraudulent, or malicious acts. The Sibley Firm and National Union now seek a declaration by this court as to whether National Union has a duty to defend and indemnify the Sibley Firm in relation to the underlying suit.

## APPLICABLE STANDARD FOR SUMMARY JUDGMENT

■ The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *Id.* at 248, 106 S.Ct. at 2510. The party moving for summary judgment has the burden to show that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *See id.* at 247, 106 S.Ct. at 2509. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553. In this instance, the movant is not required to offer evidence to negate the nonmovant's claims. *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 885–86, 110 S.Ct. 3177, 3187–88, 111 L.Ed.2d 695 (1990). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). The nonmovant must adduce affirmative evidence. *Anderson,* 477 U.S. at 257, 106 S.Ct. at 2514.

■ Summary judgment evidence is subject to the same rules that govern admissibility of evidence at trial. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 175–76 (5th Cir.1990), *cert. denied,* —— U.S. ——, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993). In considering a motion for summary judgment, the court cannot make credibility determinations, weigh evidence, or draw inferences for the movant. *Anderson,* 477 U.S.

at 255, 106 S.Ct. at 2513–14. The evidence of the nonmovant, however, is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id.*

## DISCUSSION

The issue for determination is whether National Union has a duty to defend and indemnify the Sibley Firm in relation to the underlying suit filed by Covey Energy. National Union argues that the RICO and LUT-PA claims against the Sibley Firm fall within a policy provision that excludes coverage for dishonest, fraudulent, or malicious acts. Additionally, although not specifically raised in National Union's pleadings or its letter to the Sibley Firm denying coverage, National Union argues that the policy does not cover the Sibley Firm because Covey Energy was not a client of the Sibley Firm. The Sibley Firm argues that the policy exclusion for dishonest, fraudulent, or malicious acts does not exclude coverage because the firm could be held liable for a LUTPA violation without any intent to commit dishonest, fraudulent, or malicious acts. In this diversity suit, Texas law governs this court's determination of whether National Union has a duty to defend and indemnify the Sibley Firm.

■ In deciding whether an insurer has a duty to defend its insured in an underlying suit, Texas law requires a court to consider the plaintiff's complaint or petition and the insurance policy. This analysis commonly has been called the "eight corners" rule. *Cullen/Frost Bank v. Commonwealth Lloyd's Ins. Co.,* 852 S.W.2d 252, 255 (Tex.App.—Dallas 1993, writ denied). The factual basis of this determination should be established solely by the allegations in the pleadings filed in the underlying suit. *American Physicians Ins. Exchange v. Garcia,* 876 S.W.2d 842, 847–48 (Tex.1994). Facts outside the pleadings are not considered. *Brooks, Tarlton, Gilbert, Douglas & Kressler, Etc. v. United States Fire Ins. Co.,* 832 F.2d 1358, 1366–67 (5th Cir.1987). A court must view the allegations in the pleadings within the context of the contractual coverage offered by the insurance policy. Thus, "[t]he duty to defend arises if the factual allegations against the insured, when fairly and reason-ably construed, state a cause of action potentially covered by the policy." *Cullen/Frost Bank,* 852 S.W.2d at 255; *accord Houston Petroleum Co. v. Highlands Ins. Co.,* 830 S.W.2d 153, 155 (Tex.App.—Houston [1st Dist.] 1990, writ denied). However, "[i]f a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured." *American Physicians,* 876 S.W.2d at 848.

■ In making this coverage determination, a court should view the pleadings of the underlying suit in the light most favorable to the insured and "indulge a liberal interpretation of the meaning of those allegations." *Cullen/Frost Bank,* 852 S.W.2d at 255. In addition, "insurance policies are to be strictly construed in favor of the insured in order to avoid exclusion of coverage." *Houston Petroleum Co.,* 830 S.W.2d at 155. With every inference made in favor of an insured, "[a]ny doubt as to whether the complaint states a covered cause of action is resolved in the insured's favor." *Cullen/Frost Bank,* 852 S.W.2d at 255. "[A]s long as the complaint alleges at least one cause of action within the policy coverage, the insurer must defend." *Brooks, Tarlton,* 832 F.2d at 1367.

Considering these standards, the court turns to the policy provisions and allegations in the underlying suit. National Union's professional liability policy issued to the Sibley Firm provides:

I. Coverage

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of any claim or claims, including claim(s) for personal injury, first made against the insured and reported to the Company during the policy period or extended reporting period, arising out of any act, error or omission of the insured in rendering or failing to render professional services for others in the insured's capacity as a lawyer, fiduciary or Notary Public, and caused by the insured or any other person for whose acts, errors or omissions the insured is legally responsible, except as excluded or limited by the

**1530**

terms, conditions and exclusions of this policy.

\*　　\*　　\*　　\*　　\*　　\*

## EXCLUSIONS

This policy does not apply:

(a) to any claim arising out of any criminal act, error or omission of any insured;

(b) to any claim arising out of any dishonest, fraudulent or malicious act, error or omission of any insured, committed with actual dishonest, fraudulent, or malicious purpose or intent.

National Union Lawyers Professional Liability Policy Issued to the Sibley Firm at 1, 3 (Attached as Ex. C to Pls.' Compl.).

■ The threshold issue is whether the underlying suit against the Sibley Firm is within the above-referenced coverage provision. Although not specifically raised in National Union's pleadings or its letter to the Sibley Firm denying coverage, National Union argues that the policy does not cover the Sibley Firm because Covey Energy was not a client of the Sibley Firm. In its motion, National Union contends: "Covey Energy, Inc. is not a client or former client of the Sibley Firm and is not bringing its claims against the Sibley Firm in the capacity of a recipient of legal services.... [T]he Sibley Firm did not ask National Union and National Union did not agree to defend the Sibley Firm against general claims which might arise from the conduct of its business." Br. in Supp. of National Union's Mot. for Summ.J. at 2, 7.

Under the coverage provision, National Union promises to pay "any claim or claims, including claim(s) for personal injury ... arising out of any act, error or omission of the insured in rendering or failing to render professional services for others in the insured's capacity as a lawyer...." There is no language in this provision that limits coverage to claims asserted by clients or former clients. The insurer's own policy coverage language broadly promises to pay any claim arising out of any act in rendering professional services in the insured's capacity as a lawyer. According to the allegations in the complaint of the underlying suit, the claims against the Sibley Firm originate from the firm's legal representation of Genesis in a bankruptcy proceeding. Moreover, considering nearly identical coverage provisions, other courts have determined that a lawyer or firm can be covered even if the underlying suit is brought by a party other than a client. *See, e.g., Sachs v. St. Paul Fire & Marine Ins. Co.,* 303 F.Supp. 1339, 1340–41 (D.D.C. 1969) (coverage for suit against lawyer brought by another lawyer claiming wrongful interference with the latter's agreement with his client); *Continental Casualty Co. v. Reinhardt,* 247 F.Supp. 173, 174 (D.Or.1965) (coverage for trade libel suit against law firm brought by a principal of an insolvent debtor who had been the target of a judgment collection by a client of the law firm), *aff'd,* 358 F.2d 306 (9th Cir.1966) (per curiam). Accordingly, this court determines that the underlying suit arises out of the Sibley Firm's actions in its capacity as lawyers, and that the underlying suit is within the coverage provision of the policy issued to the Sibley Firm.

National Union's second argument for denial of coverage is that the RICO and LUTPA claims against the Sibley Firm fall within policy exclusions that exclude coverage for criminal, dishonest, fraudulent, or malicious acts or omissions. The court must determine if at least one of the claims in the underlying suit is not excluded by the policy exclusions. If either the RICO or LUTPA claims in the underlying suit are not excluded by the policy exclusions, then National Union must defend the Sibley firm against all claims. *See Brooks, Tarlton,* 832 F.2d at 1367.

■ The complaint in the underlying suit alleges violations of RICO based on predicate violations of the (1) bankruptcy fraud statute (18 U.S.C. § 151, *et seq.*), (2) wire fraud statute (18 U.S.C. § 1343), and (3) mail fraud statute (18 U.S.C. § 1341). Compl. in Underlying Suit, ¶ 95 (Attached as Ex. A to Pls.' Compl.). To prove each of these predicate act violations, the plaintiff in the underlying suit would have to show that the Sibley Firm actually intended to commit fraud. *See United States v. West,* 22 F.3d 586, 598 n. 34 (5th Cir.) (bankruptcy fraud requires knowledge and intent to commit fraud), *cert. denied,* — U.S. ——, 115 S.Ct. 584, 130

L.Ed.2d 498 (1994); *United States v. Aggarwal,* 17 F.3d 737, 740 (5th Cir.1994) (wire fraud requires specific intent to commit fraud); *George v. Blue Diamond Petroleum, Inc.,* 718 F.Supp. 539, 550 (W.D.La.1989) (mail fraud requires intent to commit fraud), *aff'd,* 922 F.2d 838 (5th Cir.1990). National Union's policy excludes coverage for intentional fraudulent acts. Thus, National Union is not required to indemnify the Sibley Firm for any liability that it may have from RICO violations, and the alleged RICO violations cannot provide a basis for a duty to defend.

But, if the LUTPA allegations in the underlying suit are not excluded by the policy, then National Union has a duty to defend. In the complaint in the underlying suit, the plaintiff has alleged that the Sibley Firm violated section 1405 of the LUTPA by engaging in unfair trade practices by committing acts that "offend public policy, are immoral, unethical, oppressive and unscrupulous...." Compl. in Underlying Suit, ¶¶ 108–15 (Attached as Ex. A to Pls.' Compl.). Section 1405 provides: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." LA.REV.STAT. § 51:1405. LUTPA was "intentionally broadly written so as to leave the determination of individual violations to the courts." *First Financial Bank v. Copeland,* 492 So.2d 503, 506 (La.App. 1986). An "unfair trade practice" has been defined as an act that is " 'unethical, oppressive, unscrupulous, or substantially injurious.' " *Bolanos v. Madary,* 609 So.2d 972, 977 (La.App.1992) (quoting *Moore v. Goodyear Tire & Rubber Co.,* 364 So.2d 630, 634 (La.App.1978)), *writ denied,* 615 So.2d 339 (La.1993). A "deceptive trade practice" has been defined as an act that involves fraud, deceit, or misrepresentation. *Monroe Medical Clinic, Inc. v. Hospital Corp.,* 622 So.2d 760, 763 (La.App.1993), *writ denied,* 629 So.2d 1135 (La.1993). The complaint in the underlying suit does not allege deceptive trade practices against the Sibley Firm but only unfair practices. Compl. in Underlying Suit, ¶ 111 (Attached as Ex. A to Pls.' Compl.).

National Union's policy exclusion provides: "This policy does not apply ... to any claim arising out of any dishonest, fraudulent or malicious act, error or omission of any insured, committed with actual dishonest, fraudulent, or malicious purpose or intent." National Union Lawyers Professional Liability Policy Issued to the Sibley Firm at 3 (Attached as Ex. C to Pls.' Compl.). To exclude coverage, the LUTPA allegations in the underlying suit must require (1) an act that is dishonest, fraudulent, or malicious, and (2) intent to commit the dishonest, fraudulent, or malicious act. National Union argues that the LUTPA allegations in the complaint in the underlying suit are within the policy exclusions because to maintain an LUTPA action, a plaintiff must prove that the actions of the defendant were undertaken with the intent to injure the plaintiff's business. In support of the proposition that a plaintiff must prove intent, National Union relies only on *Monroe Medical Clinic,* 622 So.2d at 763, an intermediate appellate court case. In *Monroe Medical Clinic,* the court stated that the trial court properly gave instructions, which included some language that "plaintiff must prove that the actions of the defendants were undertaken with the intent to injure plaintiff's business." *Id.*

After undertaking independent research on this issue, this court determines that the law is ambiguous on whether a plaintiff must prove intent to have a viable LUTPA violation. A number of reasons compel this determination. First, the LUTPA statute does not require any showing of intent for a violation. *See* LA.REV.STAT. §§ 51:1405, 51:1409. In fact, section 1409 provides: "If the court finds the unfair or deceptive method, act or practice was knowingly used ... the court shall award three times the actual damages sustained." LA.REV.STAT. § 51:1409(A). If in every action a plaintiff must show intent to injure, this statutory language would be meaningless because every violation would have been proven with intent, which would necessarily include knowledge. "Courts should give effect to all parts of a statute, and not adopt a construction making any part superfluous or meaningless...." *First National Bank v. Beckwith Machinery Co.,* 650 So.2d 1148 (La.1995). The Louisiana

legislature would not have enacted this statutory language if every violation already required a showing of intent. Moreover, under the statutory definition of "knowledge," the legislature contemplated that a person may be liable for violations of the LUTPA even with mere constructive knowledge. *See* LA. REV.STAT. § 51:1402(10) (" 'Knowingly' means that the act or practice used was such that a reasonably prudent businessman knew or should have known that the act or practice was a violation of this Chapter.").

Second, intent may not have to be shown for a violation of LUTPA because the legislature delegated individual determinations of what constitutes a violation to the courts. *See First Financial Bank,* 492 So.2d at 506. Because of this flexibility, the court in the underlying suit may determine that the plaintiff, Covey Energy, need not prove that the Sibley Firm intended to injure Covey Energy's business. Third, this court has neither been provided nor has it found any case, other than *Monroe Medical Clinic,* that requires a plaintiff to prove intent for a LUTPA violation. For these reasons, the court determines that Louisiana law is ambiguous on whether a plaintiff must show intent to prove a violation under LUTPA.

This ambiguity in Louisiana law requires this court to draw a favorable inference for the insured, the Sibley Firm. *See Cullen/Frost Bank,* 852 S.W.2d at 255 ("Any doubt as to whether the complaint states a covered cause of action is resolved in the insured's favor."). Assuming Covey Energy produces sufficient evidence at trial, there is a possibility that the Sibley Firm may be held liable for a LUTPA violation without any showing of dishonest, fraudulent, or malicious intent. Therefore, National Union's policy exclusion does not exclude coverage, and National Union has a duty to defend the Sibley Firm against all claims made against it in the underlying action. At this time, the court has only determined that National Union has a duty to defend. The issue of indemnity for liability for LUTPA violations, if any, will be determined at the conclusion of the underlying suit. Likewise, the issue of recovery for damages and attorney's fees, if any, incident to National Union's failure to defend will be determined later at trial or on a sufficient summary judgment record.

## CONCLUSION

Therefore, this court ORDERS that Plaintiffs' Motion for Partial Summary Judgment is GRANTED and that Defendant's Motion for Summary Judgment is DENIED.